Russell D. LAPHAM and Helen L. Lapham,
Appellants,

v.

The TOWN OF HAINES, Alaska, a municipal corporation, its agents, servants and employees, and John Schnabel and John Fox, Appellee.

No. 127.

Supreme Court of Alaska.

April 9, 1962.

Rehearing Denied June 21, 1962.

Thomas B. Stewart, Juneau, for appellants.

Robert J. Annis, of Robertson, Monagle, Eastaugh & Annis, Juneau, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

The question raised in this appeal is whether appellee's shutting off of appellants' water supply for failure to pay water rent was a wrongful act.

Appellants owned and operated in the city of Haines, Alaska, a business known as "Lapham's Round House" which was supplied with water from the municipal water system owned and operated by appellee.

In 1956 appellee was experiencing financial difficulties and in an effort to rectify the situation determined through its city council to undertake the collection of numerous delinquent accounts receivable. Among the delinquent accounts were those of the appellants, one of which was the bill for water rent here in question. In an effort to collect the accounts owed by the appellants a committee made up of two councilmen and the city's accountant met with them and discussed each item of the city's list of claims and each item which appellant Russell Lapham claimed to be due him from the city. As a result of this meeting it was agreed that the parties would exchange checks in specified amounts in settlement of the various accounts between them. This agreement was reported to the council by the city's accountant. From the notes of appellant Helen Lapham, who was a member of the city council at the time it was determined that appellants' water should be disconnected, as well as from the testimony of the person who held the office of city clerk in 1956, it appears that pursuant to the above mentioned agreement the city gave appellant Russell Lapham its check for $477 and that he failed to carry out his part of the bargain which included payment of the water bill here in question.

Not until the fall of 1959 did the city again undertake the collection of its de-

linquent accounts receivable. Notice was sent to the appellants on December 3 or 4, 1959 by the city clerk which notice warned that if the accounts were not paid by a specified date action would be taken to effect payment. The appellants did not pay the account claimed and they were twice contacted personally with respect to the delinquent accounts by one or more city councilmen. Appellant Russell Lapham appears to have denied any liability for water rent and that there ever was an agreement with the city. The city employees then called a third time on December 14, 1959 and thereafter proceeded to shut off appellants' water supply pursuant to city ordinance authorizing such action when water rents were delinquent.

The cause was tried without a jury and judgment in favor of appellee was entered on November 18, 1960. Appellants moved to amend the findings of fact, conclusions of law and judgment and for a new trial. On April 14, 1961 amended findings of fact and conclusions of law were approved by the court as drawn by appellee. Appellants' motions to amend and for a new trial were denied.

Appellants have filed no statement of points in connection with this appeal as required by Supreme Court Rule 9(e), nor does their specification of errors comply with Rule 11(a) (6).

■ We are disposing of this appeal on what we consider to be the main issue recognized by both parties in their briefs, namely, whether the shutting off of appellants' water supply by appellee was a wrongful act.

In its amended findings of fact the trial court found:

"[T]hat the defendants did not act wrongfully in shutting off the plaintiffs' water supply. The court finds that the plaintiff Russell Lapham admitted to Messrs. Sele, Ward and Quinlan, who were acting for the city, that he owed a water bill, and that he agreed to exchange checks with the city with his check to cover, in part, the water bill. Although the city gave the said Russell Lapham its check, he failed to give the city his check in accordance with the agreement. The defendants, in shutting off plaintiffs' water, were acting on the strength of the plaintiff Russell Lapham's failure to comply with the agreement to pay his water bill."

There was a sharp conflict in the evidence in many respects but we believe that the above quoted finding was amply supported. The testimony of appellant Russell Lapham contained inconsistencies; the appellant Helen Lapham, who was a member of the council, specifically refused an opportunity to present to the assembled council appellants' argument in opposition to the discontinuance of appellants' water supply. Further, appellant Helen Lapham's testimony on cross examination substantiated appellee's contention that appellant Russell Lapham had agreed to pay the water bill in question.

■ Appellee had a right to require payment of any sum due for water furnished to appellants. In the absence of facts to support a good faith dispute over the correctness of its claim for water furnished, appellee had a right to disconnect appellants' water in accordance with the terms of its ordinance in order to enforce payment.[1]

■ Appellants had the burden of proving that at the time the water was disconnected a bona fide dispute existed over the water bill in question. This they did not do. The evidence was to the contrary and supported the trial court's finding that appellant Russell Lapham had admitted owing the water bill and agreed to pay it.

The judgment is affirmed.

1. Schultz v. Town of Lakeport, 5 Cal.2d 377, 54 P.2d 1110, 1112, 108 A.L.R. 1168, modified, 5 Cal.2d 377, 55 P.2d 485, 108 A.L.R. 1168 (1936); 2 Antieau, Municipal Corporation Law § 19.04, at 638–39 (1958); 12 McQuillin, Municipal Corporations § 34.123, at 382–83 (3d ed. 1950).