Dorothy BAILEY, d/b/a Bar Fly's Club, et al., Appellants,

v.

FAIRBANKS INDEPENDENT SCHOOL DISTRICT, an Independent School District Corporation, Appellee.

No. 49.

Supreme Court of Alaska.
April 10, 1962.

527

Warren A. Taylor and Fred D. Crane, of Taylor & Taylor, Fairbanks, for appellants.

Charles E. Cole, Fairbanks, for appellee.

Before NESBETT, C. J., DIMOND, Justice, and HEPP, Judge.

HEPP, Judge.

In 1951 the Legislature of the Territory of Alaska enacted chapter 96, section 1(B), S.L.A.1951.[1]

This statute empowered independent school districts to levy a tax not exceeding two percent on sales and services within a school district, provided 55% of the qualified voters within the school district consented thereto through a referendum vote. Chapter 96, section 1(B) further provides that no sales tax shall be levied upon sales or services within an incorporated municipality which is a part of any independent school district when such incorporated municipality levies a consumer's tax upon sales or services made within the incorporated municipality.

Pursuant to chapter 38, section 1(b), S.L.A.1949, the city of Fairbanks, an incorporated municipality located within the Fairbanks Independent School District, submitted a proposition to the qualified electors in a special election on September 21, 1951, to determine whether the city should enact an ordinance for the levy and collection of a sales tax. The proposition was voted upon favorably.

Two weeks later in a general election held October 2, 1951, the Board of Directors of the Fairbanks Independent School District, the appellee in this case, submitted a similar referendum to the qualified electors of the school district. In this election more than 55% of those voting voted in favor of imposing a sales and services tax. An analysis of the election results showed, however, that less than 55% of the people living and voting within the school district outside of the city of Fairbanks cast their vote in favor of the referendum.

Thereafter, on November 14, 1951, the city of Fairbanks passed an ordinance levying a tax of 1% on all retail sales and services made within the city. On November 20, 1951 by resolution the Fairbanks Independent School District levied a 1% tax on all retail sales and services made within the school district, but exempted all retail sales and services made within the city of Fairbanks, pursuant to chapter 96, section 1(B), S.L.A.1951. The tax in the school

1. S.L.A.1951, ch. 96, § 1(B) provides: "CONSUMER'S SALES TAX. The School Boards in Independent School Districts or Incorporated School Districts shall have the power to levy and collect a consumer's sales tax not exceeding two per centum of the sales price on all retail sales and services made within the Independent School District or the Incorporated School District; provided, that the consent of the qualified voters of the Independent School District or Incorporated School District is first obtained through a referendum vote at a general or special election, upon ballots which clearly present the proposition as to whether such sales tax shall be authorized within the Independent School District or Incorporated School District. The ballot shall also set forth whether the tax is to be levied for general revenue for the Independent School District or the Incorporated School District or for a special school purpose, and, if for a special school purpose, same shall be specified on the ballot. If fifty-five per cent (55%) or more of the votes cast in said referendum are in the affirmative, the school board may thereafter enact such a tax in the nature of a levy upon buyers but with imposition upon sellers of the obligation of collecting same at the time of sale or at time of collection with respect to credit transactions, and transmit same to the Independent School District or Incorporated School District. The sole purpose of this subsection is to enable Independent School Districts or Incorporated School Districts, with the consent of the residents thereof, to impose sales taxes, and that although such method of taxation be established within an Independent School District or Incorporated School District, the school board may at any time abandon same. It is also the intent that if consent to such tax be obtained for a special purpose, the proceeds of the tax may not be used for any other purpose unless with consent of the voters at another referendum. It is further provided that no tax shall be levied or imposed hereunder upon either sales or services made within any incorporated municipality or school district which is a part of any independent school district where such incorporated municipality levies a consumer's sales tax upon the sales price of either or both retail sales and services made within it. "Approved March 24, 1951."

district and in the city became effective December 1, 1951.

The appellants in this action are engaged in the sale of goods and services within the Fairbanks Independent School District but outside the corporate limits of the city of Fairbanks. Some of the appellants filed sales and services tax returns as required, but did not pay the tax. Other appellants failed to either file a tax return or to pay the tax.

On May 4, 1956 the Fairbanks Independent School District, appellee herein, filed an action against some of the appellants herein for taxes due, plus interest and penalties. As to the other appellants who failed to file returns or pay taxes, the appellee asked that they show cause why they should not be ordered to file returns and thereafter to pay the taxes due. After an answer was filed by the appellants, the superior court granted a motion for summary judgment in favor of the school district. The appellants filed their notice of appeal within the allotted time.

■ Although the questions before this court are not clear because the appellants failed to comply with Supreme Court Rule 11(a) (5), we will decide the case upon the issues we believe to have been raised by appellant, namely:

1. Whether chapter 96, section 1(B), S.L.A.1951, as applied, amounts to a deprivation of due process of law because the qualified voters living within the school district, but outside the city of Fairbanks, did not cast 55% of their votes in favor of the referendum to impose a sales and services tax;

2. Whether because of the broad exclusion contained in chapter 96, section 1(B), S.L.A.1951, the tax amounts to a deprivation of equal protection of the law since the tax would be imposed solely on those living outside the city by reason of the city having imposed its own tax?

■ Although the appellants failed to set out the constitutional provisions which they rely upon as required by Supreme Court Rule 11(a) (3), we conclude that they are relying on the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution, made applicable to the Territory of Alaska by the Organic Act.[2] Section 3 of the Organic Act provides:

"That the Constitution of the United States, and all the laws thereof which are not locally inapplicable, shall have the same force and effect within the said Territory as elsewhere in the United States. * * * * "[3]

In Alaska Steamship Co. v. Mullaney,[4] the United States Court of Appeals for the Ninth Circuit held that the above quoted language made the Fourteenth Amendment to the United States Constitution applicable to the Territory of Alaska. Therefore, the validity of chapter 96, section 1(B), S.L.A. 1951, must be judged by the same standards of due process and equal protection that would be applied in the case of similar legislation by a state. Appellants, in addition to failing to point out the specific provision of the Constitution upon which they rely, also fail to show in what manner chapter 96, section 1(B) is unconstitutional. In their brief the appellants cite three cases wherein a tax was held inequitable or discriminatory, none of which are helpful.

■ It should be remembered that at the time the school district held its referendum, the city of Fairbanks had not passed an ordinance imposing a sales and services tax within the city. As the trial court noted, it was not improbable that the city would not impose a tax. Therefore, at this time, the broad exclusion of chapter 96, section 1(B) did not operate. Thus it becomes apparent that the people of the city of Fairbanks had a legitimate interest in voting on the referendum of the school district since

---

2. 37 Stat. 512 (1912).

3. 37 Stat. 512 (1912), 48 U.S.C.A. § 23 (1952).

4. 180 F.2d 805, 817–818, 12 Alaska 594, 618–619 (9th Cir. 1950).

they were potentially subject to any tax imposed by the school district prior to the adoption and levy of a similar tax by the city.

■ Coming to the issue first noted above, we hold that the referendum conducted by the school district was not a denial of due process of law as to appellants because a 55% majority vote of approval was not cast in all parts of the school district, nor does such render the statutory authority therefor unconstitutional. A similar conclusion was reached by the United States Supreme Court in Hunter v. City of Pittsburgh.[5]

In the Hunter case the trial court had ordered the consolidation of two municipalities. Such was the result of an election pursuant to statute authorizing the consolidation of two cities upon a majority vote of all citizens in the territory comprising both cities even though, as happened, a majority of the votes cast in one part of the total territory opposed the consolidation. The plaintiffs in error were taxpayers of the municipality in which a majority of the voters voted against consolidation.

The United States Supreme Court considered first the allegation that they who voted against consolidation would be taxed for the benefit of the consolidated municipality, not solely for their own territory as originally incorporated, it being contended that there was a contract between the municipality and the taxpayers. As to this, the court held that there was no such contract. Secondly, the court reviewed the argument that due process of law was violated by the subjection of the taxpayers' property to added tax burdens resulting from the con-

solidation in that the act allowed the voters of the larger municipality to overpower the voters of the smaller municipality and compel union without their consent. In rejecting this contention the court held that the United States Constitution does not restrict the power of a state legislature in establishing the powers or territory of a municipality. Subject to the state constitution such may be altered by the state legislature with or without the consent of the citizens of the municipality and irrespective of the fact that a change therein may create inconvenience or increase tax burdens.

Upon the foregoing authority appellants may not complain that the statute here involved has had the effect of allowing a majority vote in one portion of the school district to overpower the vote of another portion thereof.

■ Turning to the second issue which has been set out above, we must likewise hold that the impact of taxation effected under chapter 96, section 1(B), S.L.A.1951, does not deprive appellants of equal protection of the law.[6]

■ "When a State exercises power wholly within the domain of state interest, it is insulated from federal judicial review. But such insulation is not carried over when state power is used as an instrument for circumventing a federally protected right." [7] Appellants have not shown the violation of any federally protected right. The tax imposed under chapter 96, section 1(B), S.L.A. 1951, was not a denial of due process of law or equal protection of the law.

The judgment is affirmed.

5. 207 U.S. 161, 178–179, 28 S.Ct. 40, 52 L.Ed. 151, 159 (1907).

6. Hunter v. City of Pittsburgh, supra, note 5; cf. Twentieth Century Investment Co.

v. City of Juneau, File No. 42, 359 P.2d 783, 785–786 (Alaska 1961).

7. Gomillion v. Lightfoot, 364 U.S. 339, 347, 81 S.Ct. 125, 130, 5 L.Ed.2d 110, 117 (1960), containing an analysis of Hunter v. City of Pittsburgh, supra, note 5.