Bernard I. MILLER, Appellant,

v.

CITY OF FAIRBANKS and Fairbanks North Star Borough, Appellees.

No. 1678.

Supreme Court of Alaska.

May 2, 1973.

Bernard I. Miller, in pro. per.

Francis van T. Kernan, Fairbanks, for appellees.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

RABINOWITZ, Chief Justice.

City of Fairbanks, on behalf of itself and the Fairbanks North Star Borough, filed a civil action against Miller. The complaint alleged that Miller was violating various city and borough ordinances by (1) sealing off the open end of his garage located at 653 8th Avenue without first obtaining a building permit,[1] (2) removing a

---

1. Fairbanks Code of Ordinances § 9.401.1 (§ 301(a) of the Building Code) provides in part:

    *Permits required.* No person, firm or corporation shall erect, construct, enlarge, alter, repair, move, improve, re-move, convert or demolish any building or structure in the city, without first obtaining a separate building permit for each building or structure from the Building Official, or his authorized representative.

city "stop work order" from his garage,[2] and (3) failing to have any required off-street parking space.[3] The city and borough sought injunctive relief prohibiting Miller from further violating the ordinances and requiring him to return his building to its former use as a garage.

In his answer to the complaint, Miller generally denied every allegation and counterclaimed, asserting that a city building official violated various city ordinances in his enforcement of the City Building Code by (1) entering upon Miller's property without first displaying proper credentials and requesting permission to enter,[4] (2) entering Miller's premises after the official had been denied permission to enter,[5] and (3) enforcing city ordinances with malice and in bad faith.[6] By way of relief, Miller sought general damages for himself and special damages for injuries to his mother's health resulting from the building official's acts.

2. Fairbanks Code of Ordinances § 9.401.1 (§ 202(e) of the Building Code) provides:
   *Stop work orders.* Whenever any building work is being done contrary to the provisions of this Code, the Building Official, or his authorized representative, may order the work stopped by affixing to the job site, or building where construction is in progress, a 'stop work order' stating the reasons for such order. When any stop work order is placed upon any construction work, or job site, all work being constructed by any craft whatsoever shall cease until the stop work order is removed and the work authorized to proceed by the building official or his authorized representative.

3. At all times relevant to this action, Fairbanks North Star Borough Code of Ordinances § 49.15.130 provided in part:
   *Off-Street Parking.* Off-street parking is required in all zones except the Unrestricted Use Zone. . . . No required off-street parking space shall be located in a required street yard. Required off-street parking spaces for one lot shall *average at least 200* square feet in area and shall be easily accessible from a public street. . . . (Emphasis added.)
   Fairbanks North Star Borough Ordinance § 49.15.160, Schedule D, requires one off-street parking space per dwelling unit.

4. Fairbanks Code of Ordinances § 9.401.1 (§ 202(d) of the Building Code) states in part:
   *Right of Entry.* Whenever necessary to make an inspection to enforce any of the provisions of this Code, or whenever the Building Official or his authorized representative has reasonable cause to believe that there exists in any building or upon any premises, any condition which makes such building or premises unsafe as defined in Section 203 of this Code, the Building Official or his authorized representative may enter such building or premises at all reasonable times to inspect the same or to perform any duty imposed upon the Building Official by this Code; provided that if such building or premises be occupied, he shall first present proper credentials and demand entry; and if such building or premises be unoccupied, he shall first make a reasonable effort to locate the owner or other persons having charge or control of the building or premises and demand entry. If such entry is refused, the Building Official or his authorized representative shall have recourse to every remedy provided by law to secure entry.

5. Fairbanks Code of Ordinances § 6.253 provides:
   No person, firm, association or corporation, other than a peace officer on lawful business, shall trespass on lands or premises of another, and fail, neglect, or refuse to depart therefrom immediately on request of the owner or any person in the lawful occupation of said lands or premises.

6. Fairbanks Code of Ordinances § 9.401.1 (§ 202(g) of the Building Code) provides:
   *Liability.* The Building Official or any employee charged with the enforcement of this Code, acting in good faith and without malice for the city in the discharge of his duties, shall not thereby render himself liable personally and he is hereby relieved from all personal liability for any damage that may accrue to persons or property as a result of any act required or by reason of any act or omission in the discharge of his duties. Any suit brought against the Building Official or employee, because of such act or omission performed by him in the enforcement of any provisions of this Code, shall be defended by the legal department of the city until final termination of the proceedings.

Thereafter, the city moved for a summary judgment. The motion was supported by a memorandum of law and affidavits from the city building official involved and from the city fire inspector. Miller filed an opposing affidavit in which he merely reasserted his general denial. The trial court then granted Miller's informal request for additional time within which to retain an attorney or demonstrate the existence of a factual issue. The trial court ultimately granted the city's motion for summary judgment.

At the outset, we note Miller's failure fully to comply with our rules for preserving and raising issues on appeal. In contravention of Supreme Court Rule 9(e), Miller's *propria persona* brief attempts to raise issues which his Statement of Points on Appeal fails to list. Further, Miller has not briefed 18 of his 19 points on appeal, thus abandoning them under Supreme Court Rule 11(a)(8). Nor has Miller made a sufficient showing that he will suffer surprise or injustice if the rules are strictly enforced against him.[7] Nevertheless, since he is without counsel, we have decided to dispose of this appeal on what we consider to be the main issues recognized by both parties in their briefs;[8] namely, whether there existed material issues of fact to be tried, and whether the judgment was sufficiently certain in its terms to be enforceable.

Since the city moved for summary judgment, it had the initial burden of establishing the absence of a genuine issue as to any material fact.[9] Once the city sustained this burden, it became encumbent upon Miller, in order to prevent entry of summary judgment, to set forth specific facts showing that he could produce admissible evidence reasonably tending to dispute or contradict the city's evidence, and thus demonstrate that a material issue of fact existed.[10] In attempting to satisfy their respective burdens, the parties may utilize pleadings, affidavits, and any other materials otherwise admissible in evidence.[11]

With these principles in mind, we hold that the superior court's entry of summary judgment was proper as it pertains to injunctive relief against Miller's violations of the City Building Code and Borough Zoning Ordinance.

Section 301(a) of the Building Code prohibits anyone from altering any building in the city without first obtaining from the building official a permit for such alterations. The affidavit of the city building official stated that Miller had altered his garage by closing its open end without a permit. In his affidavit, the city fire inspector stated that substantial work had been performed on Miller's garage to convert it into living quarters. Both affiants based their statements on personal observations of Miller's premises. In one of his affidavits filed in opposition, Miller admitted removing the garage door and closing the opening, but stated his actions complied with advice from the city building department. His memorandum amplified this as-

7. *See* Orbeck v. Wheeler Constr. Co., 394 P.2d 781, 783 (Alaska 1964); Vogt v. Winbauer, 376 P.2d 1007, 1009–1010 (Alaska 1962); *cf.* Cook v. Aurora Motors, Inc., 503 P.2d 1046 (Alaska 1972).

8. Instances in which this court has relaxed the necessity for strict adherence to its appellate rules include Lapham v. Town of Haines, 372 P.2d 376, 377 (Alaska 1962); Bailey v. Fairbanks Independent School Dist., 370 P.2d 526, 529 (Alaska 1962). It has been noted that relaxation of appellate rules might be especially appropriate in cases where a layman represents himself. Sanuita v. Common Laborer's and Hod Carriers Union, 402 P.2d 199, 206 (Alaska 1965) (Rabinowitz, J., dissenting). Since the appellee has briefed the only issues of any merit, it will not be prejudiced by our decision to overlook noncompliance with Supreme Ct. R. 9(e). *Cf.* Rego v. Decker, 482 P.2d 834, 841 (Alaska 1971).

9. *E. g.*, Braund, Inc. v. White, 486 P.2d 50, 54 (Alaska 1971).

10. *Id.*; Isler v. Jensen, 382 P.2d 901, 902 (Alaska 1963).

11. Civ.R. 56(c); 6 J. Moore, Federal Practice ¶¶ 56.5, 56.11 [1.–8] (2d ed. 1972).

serted justification by attempting to fit his construction work within an informal exemption from the permit ordinance for alterations not exceeding $100 in value.[12] But the critical failure here is that Miller never asserted by affidavit that this alteration did not exceed the $100 limit.

■ Section 202(e) of the Building Code authorizes the city building official to stop construction work carried out in violation of section 301(a) by affixing a "stop work order" to the construction site. Once the stop work order is placed on the site, all construction must cease until the building official removes the order and authorizes the work to proceed. The record before us shows that the city building official did affix a stop work order to Miller's premises, and that Miller removed it and continued his construction without a permit. In an attempt to counter the building official's affidavit, Miller relies upon an affidavit in which he restates his general denial, and upon the allegations contained in his counterclaim to the effect that the city building official violated other Fairbanks ordinances in posting the stop work order. While the building official's allegedly illegal enforcement of the construction permit ordinance might form the basis of a counterclaim, it is not a defense to violations of the permit and stop work order provisions. Those ordinances are concerned solely with requiring permits before beginning construction work not with the mode of their enforcement.[13]

■ One point remains with respect to the Borough Zoning Ordinance. Miller's memorandum attempts to challenge the city's authority to enforce the borough's ordinance by suit. He points out that, although the borough was named as a party plaintiff, the borough attorney had not yet entered an appearance at the time the motion was decided. Miller indicates that the city had not averred its capacity to sue on behalf of the borough. Even if we construe his informal challenge as an attempt to raise the issue of the city's capacity to sue, Miller cannot prevail. Under Civil Rule 9(a),

> [i]t is not necessary to aver the capacity of a party to sue . . . or the authority of a party to sue . . . in a representative capacity . . . except to the extent required to show the jurisdiction of the court.

Moreover, Miller is attempting to raise the capacity to sue issue in a procedurally impermissible and untimely fashion. Civil Rule 9(a) requires that the capacity of a party to sue be raised by a "specific negative averment, not by a general denial." And, since the objection came five months after the suit was commenced, it does not comply with our requirement that such a challenge must be part of the defendant's answer or be deemed waived.[14] Furthermore, we do not think this is an appropriate situation for relaxing our civil rules,[15] since the borough attorney entered an appearance before final judgment was entered, thereby effectively ratifying the city attorney's enforcement of the zoning ordinance.

■ In regard to Miller's informal challenge to the building official's and city fire inspector's affidavits as "misstate-

12. The city apparently concedes the existence of this exemption.

13. Though appellant has not raised this point explicitly, we note that any due process infirmity in the summary stop work order ordinance is rectified by the right to appeal such orders under Fairbanks Code of Ordinances §§ 9.401.1, 9.404 (§§ 204, 206 of the Building Code).
    We also agree that appellees are entitled to summary judgment regarding § 49.15.130 and Schedule D of the Fairbanks North Star Borough Ordinances which require each dwelling unit in Miller's residential zone to have one off-street parking space of 200 square feet.

14. See Smith v. Sellar, 371 P.2d 809, 810–811 (Alaska 1962) ; Brown v. Music Corp., 359 P.2d 295, 300, 301 (Alaska 1961) ; 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1295 (1969). Compare Burns v. Anchorage Funeral Chapel, 495 P.2d 70 (Alaska 1972).

15. See Civ.R. 94.

ments of fact in all or major part," we noted in Wilson v. Pollet,[16] that impeachment of the movant's evidence on material matters raises an issue of credibility to be resolved at trial. But in order to put the affiant's credibility in issue, specific facts must be properly produced. It is well established that statements not made under oath, such as those in Miller's informal papers, do not meet the standards prescribed by Civil Rule 56(d).[17] Consequently, Miller's assertions are not considered as evidence on a summary judgment motion and did not have the effect of placing either the building official's or the city fire inspector's credibility in issue. Even if we were to consider Miller's informal challenge, he failed to indicate which, if any, portions of the affidavits could fairly be characterized as misstatements of fact.

We next turn to the summary judgment's dismissal of Miller's counterclaim. Miller's counterclaim and sworn affidavit allege the following: that on July 13 and again on July 16, 1971, the city building official entered Miller's house without first presenting his credentials and demanding entry as required by Building Code Section 202(d); that on July 13, Miller refused the official permission to enter his house, telling him he would need the court order contemplated by section 202(d) in order to inspect the premises; that the official responded by calling Miller a "troublemaker" and informing him of intentions to report various building code violations to the city attorney. As mentioned previously, these actions by the city building official form the basis of Miller's prayer for damages to

his mother's health and for other relief the court might deem proper.

■ In answer to these allegations, the city merely filed a general denial. Nowhere in its formal papers supporting the motion for summary judgment has the city specifically denied the allegations set forth in Miller's counterclaim. Thus, the city failed to sustain its burden of establishing the absence of any material issue of fact.[18] As to Miller's counterclaim, the city's motion for summary judgment should be denied unless it appears to a certainty that Miller is entitled to no relief under any state of facts that could be proved in support of his claim.[19]

While not artfully drafted, Miller's allegations, if true, form a proper claim for relief against the city sounding in such tort concepts as trespass and invasion of privacy. We therefore hold that the trial court erred in granting summary judgment dismissing Miller's counterclaim.[20]

■ Turning to the last issue in this appeal, we reject Miller's argument that the trial court's judgment is void because it lacks certainty. It is essential that a judgment dispose of the matters at issue so that the parties may be able to ascertain with reasonable certainty the extent to which their rights may be fixed. An auxiliary principle to determining whether the judgment meets the certainty requirement is the following: A judgment is sufficient if it can be made certain by reference to pleadings and documents on file in the case, and upon examination of the whole record its sense can be clearly ascertained.[21]

16. 416 P.2d 381, 384 (Alaska 1966). *See also* Braund, Inc. v. White, 486 P.2d 50, 53 n. 3 (Alaska 1971).

17. *See, e. g.*, Goldman v. Summerfield, 94 U.S.App.D.C. 209, 214 F.2d 858, 859 (1954); Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 154 F.2d 20, 22 (1946); Schoenbaum v. Firstbrook, 268 F.Supp. 385, 390 (S.D.N.Y.1967).

18. *Cf.* Boehl v. Sabre Jet Room, Inc., 349 P.2d 585, 587 (Alaska 1960).

19. *See, e. g.*, Brown v. Bullock, 194 F.Supp. 207 (S.D.N.Y.) aff'd, 294 F.2d 415 (2d

Cir. 1961); National Sur. Corp. v. First Nat'l Bank, 106 F.Supp. 302, 304 (D.Pa. 1952); 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1368, at 690 (1969).

20. The prayer for damages for injuries to Miller's mother is improper since she is not a party to this litigation.

21. *See, e. g.*, State ex rel. Whatley v. Mueller, 288 S.W.2d 405, 410 (Mo.App. 1956); Gregory v. State Indus. Comm'n, 360 P.2d 716, 719 (Okl.1961).

In the case at bar, the questioned portion of the judgment required

that defendant return this building to its former use, as a garage in compliance with the Fairbanks North Star Borough Zoning Ordinances Sec. 41.15.130 and Schedule D thereof.

Since these ordinances were part of the record in this case, we hold that the judgment in question is sufficiently defined to withstand Miller's void for vagueness attack.

We therefore affirm in part and reverse in part the summary judgment entered by the trial court and remand the case for further proceedings in confirmity with this opinion.

FITZGERALD, J., not participating.