James S. LYMAN, Appellant,

v.

STATE of Alaska, et al., Appellees.

No. S–3969.

Supreme Court of Alaska.

Jan. 17, 1992.

As Modified Jan. 24, 1992.

James S. Lyman, pro se.

Gary Foster, Call, Barrett & Burbank, Fairbanks, for appellees.

Before RABINOWITZ, C.J., BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This is an appeal of the superior court's order dismissing with prejudice James S. Lyman's wrongful termination action against his former employer. Lyman also appeals the court's award of costs and attorney's fees pursuant to Alaska Civil Rules 79 and 82.

## I. FACTUAL AND PROCEDURAL BACKGROUND

James S. Lyman was terminated from his employment with the State of Alaska for "gross insubordination." His discharge stemmed from a dispute over his allowed time away from work to travel to federal grand jury duty in Anchorage. Lyman filed suits concurrently in federal district and state superior court alleging two violations of 28 U.S.C. § 1875,[1] one violation of 42 U.S.C. § 1983, one violation of 42 U.S.C. § 1985 and one state law cause of action for "Breach of Good Faith and Fair Dealings." In May 1989 the superior court dismissed the "fair dealings" cause of action. In March 1990 the federal district court granted the state's motion for summary judgment on the federal issues and dismissed the state law claim without prejudice.

The state then moved the superior court for summary judgment dismissing Lyman's federal causes of action on grounds of res judicata. Lyman filed only limited opposition to this motion, requesting that the dismissal be "without prejudice." Thus, the state court relief[2] could be pursued if the federal court judgment were reversed on reconsideration[3] or after appeal to the United States Court of Appeals for the Ninth Circuit. The superior court granted the state's motion and dismissed the case with prejudice.

Following dismissal, the superior court awarded the state costs and attorney's fees of $6,656.48[4] pursuant to Civil Rules 79 and 82. In so doing, the superior court

---

1. 28 U.S.C. § 1875 reads in part:

    Protection of jurors' employment
    (a) No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States.
    (b) Any employer who violates the provisions of this section—
    (1) shall be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation;
    (2) may be enjoined from further violations of this section and ordered to provide other appropriate relief, including but not limited to

    the reinstatement of any employee discharged by reason of his jury service; and
    (3) shall be subject to a civil penalty of not more than $1,000 for each violation as to each employee.
    28 U.S.C.A. § 1875 (West Supp.1991).

2. Lyman could seek money damages in state court not assessable against the state in federal court.

3. The motion for reconsideration was pending when this appeal was filed, but has since been denied.

4. This figure was 80% of the verified fees for defending the state court claims.

noted that Lyman's lawsuit "bordered on the frivolous."

Lyman now seeks reversal of the superior court's dismissal with prejudice and requests a remand to the superior court for retrial or a dismissal *without* prejudice to allow the case to be refiled in state court. Also, Lyman seeks reversal of the award of costs and attorney's fees.

## II. DISCUSSION

### A. THE SUPERIOR COURT DID NOT ERR IN DISMISSING LYMAN'S COMPLAINT WITH PREJUDICE.

Lyman argues that the superior court erred in dismissing his claims with prejudice on res judicata grounds because the federal claim was still being reconsidered by the federal district court and an appeal to the federal circuit court was still possible. Also, Lyman contends erroneously[5] that the federal district court dismissal was wholly "without prejudice against filing in State Court."

The state argues that it is irrelevant whether the dismissal is with or without prejudice. Civil Rule 60(b)(5) permits a judgment, with or without prejudice, to be set aside if the judgment rests on the preclusive effect of an earlier judgment which is later reversed. The state contends that this is especially true since Lyman's Motion for Reconsideration in the federal district court has been denied.

Collateral estoppel may be applied only if the issue in the first action is resolved by a *final* judgment on the merits. *McKean v. Municipality of Anchorage,* 783 P.2d 1169, 1171 (Alaska 1989). Lyman contests the finality of the dismissal, citing the motion for reconsideration and the possibility of appeal.

The motion for reconsideration was later denied and thus any effect such reconsider-

ation may have on finality need not be explored.

As to the effect of an appeal, we have often stated the principle that a pending appeal is irrelevant for the purposes of collateral estoppel. *Rapoport v. Tesoro Alaska Petroleum Co.,* 794 P.2d 949, 952 (Alaska 1990). The initial order will cease to be "final" if the appellate court reverses the judgment. *Pletnikoff v. Johnson,* 765 P.2d 973, 976 (Alaska 1988); *Pennington v. Snow,* 471 P.2d 370, 374 (Alaska 1970).

In *Holmberg v. State, Div. of Risk Mgt.,* 796 P.2d 823, 829 (Alaska 1990), this court addressed the difficulty with the rule that a judgment has preclusive effect pending appeal. The rule allows for the possibility of a second judgment standing on the preclusive effect of a first judgment which is later reversed. *Id.* at 829. The solution in *Holmberg* was to either stay or dismiss the second action without prejudice when, as here, resolution of an appeal will completely dispose of the issues in the second action. *Id.*

Any dismissal, regardless of the form, does not leave the appellant without recourse should an appeal of the underlying judgment be successful:

> If the prior decision is reversed on appeal, a party always may institute a direct action under Civil Rule 60(b)(5) to vacate the judgment that rested on the preclusive effect of the earlier reversed judgment.[7]

[7.] Civil Rule 60(b)(5) provides that a court may relieve a party from a final judgment when "a prior judgment upon which [the judgment] is based has been reversed...." This rule itself assumes that a judgment does not lose its preclusive effects merely because it is appealed. Otherwise there would be no occasion to apply the rule.

*Id.* at 829–30. Thus, Lyman's primary contention that a dismissal with prejudice would leave him with no route to seek

[5.] The actual disposition was that the complaint be dismissed on its merits for the federal statutory claims and dismissed "without prejudice to refiling in State court" as to the state law claims. However, since the state law claim for Breach of Good Faith and Fair Dealings had already been dismissed by the superior court

the federal district court's ruling was tantamount to a full decision on the merits. The propriety of the application of res judicata was not disputed at the superior court level. In fact, Lyman conceded in the pleadings that the action should be collaterally estopped if the motion for reconsideration was denied.

damages should the federal district court judgment be reversed is not correct.

We have found no indication that Rule 60(b)(5) would be applied differently to a dismissal with prejudice compared to a dismissal without prejudice. Thus, we agree with the state's contention that the nature of dismissal is irrelevant so far as the first issue on appeal is concerned.

## B. THE SUPERIOR COURT ERRED IN AWARDING COSTS AND ATTORNEY'S FEES TO THE STATE.

Lyman argues that the award of attorney's fees and costs against him is unjust and unduly harsh. His argument is based on fairness. He argues that it would be unjust to make him pay the state costs when he is unemployed and financially distressed.

The state counters on procedural grounds, contending that the issue is not presented in the form required by Alaska Appellate Rule 212. Specifically, Lyman's brief lacks a table of authorities, proper argument and references to the record. *See* Alaska R.App.P. 212(c)(1)[b], [c][1][i], [c](8) (1991–92). Moreover, the taxing of costs and attorney's fees awards is within the broad discretion of the superior court and can only be reversed by a showing of clear abuse of discretion. Lyman did not attempt to make such a showing in his brief.

We will overturn an award of attorney's fees and costs only if such an award was "manifestly unreasonable." *Blackford v. Taggart*, 672 P.2d 888, 891 (Alaska 1983). A trial court's award will be affirmed unless there has been a clear abuse of discretion. *Kaps Transport, Inc. v. Henry*, 572 P.2d 72, 77 (Alaska 1977).

In his opening brief, Lyman argues this issue only on fairness grounds, without any substantive legal argument or cited authority. However, before the state's brief was filed, Lyman was granted a Motion to Supplement the Statement of Points on Appeal. In his memorandum in support of this motion, he sets forth a cogent substantive argument that the superior court improperly applied the state standard for assessing costs and fees instead of the federal statutory standard.[6]

The state noted Lyman's argument in an affidavit attached to its Motion for Filing Late Appellee Brief but did not brief this argument. Instead, the state noted that because of the new arguments additional briefing by each side would probably be requested. However, Lyman never supplemented his opening brief and the parties were not requested to submit additional briefing.

Generally, points on appeal not briefed are considered abandoned. *Miller v. City of Fairbanks*, 509 P.2d 826, 829 (Alaska 1973). Further, the court may affirm the trial court on issues it considers inadequately briefed. *Wren v. State*, 577 P.2d 235, 237 n. 2 (Alaska 1978).

However, the court has discretion to relax the formal requirements of the appellate rules if doing so would not unfairly prejudice the opponent. *Miller*, 509 P.2d at 829. This relaxation is especially appropriate for *propria persona* representation. *Id.* at 829 n. 8. Moreover, the court may reverse plain error which is obviously prejudicial even if it was not properly raised by the parties. *Matter of L.A.M.*, 727 P.2d 1057, 1059 (Alaska 1986). In the alternative, the court may request briefing on this point after oral argument. *See Vest v. First Nat'l Bank of Fairbanks*, 659

---

**6.** Lyman also raises arguments which were contested in the superior court in his Opposition to Bill of Costs and Notice of Taxation of Costs and his Opposition to Defendant State of Alaska's *More Definite Statement on Attorneys Fees*. These arguments include the contention that the award was excessively harsh and improperly commingled costs incurred in pursuit of the federal court action with those incurred in pursuit of the state court action.

Lyman argues that the award was excessively harsh since it was several times greater than his own attorney's fees and since the defendants admitted having difficulty segregating the costs of pursuing the state case from the federal court case. Additionally, Lyman claims that the defendants were reimbursed for costs of depositions and preparations which were never used in the pleadings in court.

P.2d 1233, 1234 n. 2 (Alaska 1983), *reh'g granted,* 670 P.2d 707 (Alaska 1983); Appellate Rule 212(c)(11)[a] (1991–92).

■ We believe that the superior court's application of the standards of Rules 79 and 82 constituted plain error. Four of the five causes of action filed by Lyman were based on federal statutes 28 U.S.C. § 1875 and 42 U.S.C. §§ 1983 and 1985. When a federal claim is brought in state court, the court must use the standards set forth in the federal statute rather than those in the Alaska Rules of Court. *See DeNardo v. Municipality of Anchorage,* 775 P.2d 515, 518 (Alaska 1989), *cert. denied,* 493 U.S. 922, 110 S.Ct. 287, 107 L.Ed.2d 267 (1989) (Civil Rights Act); *Hayer v. Nat'l Bank of Alaska,* 663 P.2d 547, 549–50 (Alaska 1983) (federal Truth-in-Lending Act); *Ferdinand v. City of Fairbanks,* 599 P.2d 122, 125 (Alaska 1979) (noting, with respect to the Civil Rights Act, that the trial court's discretion "is narrowly limited when attorney's fees are awarded pursuant to the federal act, and will be reviewed on appeal in light of federal rather than Alaska law.").

For claims I and III, filed under 28 U.S.C. § 1875, Lyman relies on 28 U.S.C. § 1875(d)(2) which reads:

> The court may award a prevailing employer a reasonable attorney's fee as part of the costs only if the court finds that the action is frivolous, vexatious, or brought in bad faith.

28 U.S.C.A. § 1875(d)(2) (West Supp.1991).

For claims IV and V, filed under 42 U.S.C. §§ 1983 and 1985 respectively, *DeNardo,* 775 P.2d at 518, is controlling "[A] civil rights defendant may recover attorney's fees from the plaintiff only if the court finds 'that the plaintiff's action was frivolous, unreasonable or without foundation....'" *Id., quoting, Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

■ The trial court did not make such a finding but instead found that the lawsuit only "bordered on the frivolous."[7] Attorney's fees and costs are thus not authorized for the federal law causes of action.

The taxation of attorney's fees and costs should be limited to the lone state law cause of action. This action, for "Breach of Good Faith and Fair Dealings," was dismissed on May 1, 1989. The trial court award included attorney's fees and costs incurred after that date. Moreover, the trial court noted in its order on attorney's fees that time spent "in connection with the case" included the summary judgment on the statute of limitations. However, the statute of limitations was argued only with respect to the federal law causes of action. The order dismissing the sole state law cause of action originated from a separate issue raised in the same motion for summary judgment.

The record at present does not include enough information to determine which costs and attorney's fees derive from defending the state law claim as distinguished from the federal law claims in "the state case."[8] A remand on allocation of attorney's fees and costs to the state law claim and the federal law claims brought in state court is therefore required.

■ On remand, the state has the burden of identifying and segregating the state law claim costs. Rule 79 requires that the party seeking costs submit a bill which "distinctly set[s] forth each item claimed in order that the nature of the charge can be readily understood." Alaska R.Civ.P. 79(a) (1991–92). For attorney's fees, the superior court can order the state's counsel to itemize the hours and nature of the work spent on the case. *Hayes v. Xerox Corp.,* 718 P.2d 929, 939 (Alaska 1986) ("when counsel requests attorney's fees, other than based on the

---

**7.** The concept of "bordering" has no role in applying the federal standard. The superior court should make an absolute determination whether a claim was frivolous, vexatious or brought in bad faith and not employ a sliding scale adjusting the percentage of costs in ac-

cordance with the perceived quantum of frivolity of the federal claim.

**8.** "[T]he state case" is the language used by the trial court. It is not clear to us whether this means the state court case or merely the state law cause of action.

schedule in Rule 82(a)(1), accurate records of the hours expended and a brief description of the services reflected by those hours should be submitted.").

AFFIRMED in part, REVERSED in part and REMANDED for further proceedings in accordance with this opinion.