James F. MORGAN, Sr., individually and as Personal Representative for the Estate of Martina Alurac, Deceased 10/01/99, Appellant,

v.

**FORTIS BENEFITS INSURANCE CO., Appellee.**

No. S–11000.

Supreme Court of Alaska.

Feb. 11, 2005.

Ward Merdes, Merdes & Merdes, P.C., Fairbanks, for Appellant.

Robert P. Blasco, Robertson, Monagle & Eastaugh, Juneau, and Joshua Bachrach, Rawle & Henderson, Philadelphia, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

We are presented with the issue of whether summary judgment was properly granted to Fortis Benefits Insurance Company (Fortis) on the application of certain exclusions found in an accidental death and dismemberment insurance policy covering Martina Alurac (Alurac). James F. Morgan, Sr. (Morgan), Alurac's beneficiary, appeals, arguing that an issue of fact remains as to whether Alurac's death was caused by her intoxication. Because the only reasonable conclusion to be drawn from the evidence in this case is that Alurac's accident was at least indirectly caused by her intoxication, we affirm the judgment of the superior court.

## II. FACTS AND PROCEEDINGS

In the early morning of October 1, 1999, Alurac was killed when her Subaru wagon ran off the road and struck a telephone pole near the intersection of the Old Richardson Highway and Ruby Street in North Pole. Officer Jon Miller discovered Alurac dead inside her car at 2:28 A.M. According to Miller's police report, "[t]here were several tire marks on the Old Richardson Highway leading to the east side of Ruby St. They were arranged in a pattern that indicated that the vehicle had been going sideways prior to Ruby St. The roads were dry and there was no snow or ice on them." A pair of clogs was found under the control pedals and Alurac was found with her head and neck pressed against the passenger rear corner of the vehicle with no shoes on. According to Morgan and Guyton Harrison, Alurac had been drinking at a bar called the Refinery Lounge on the evening before the accident. The medical examiner found that Alurac had a blood alcohol content percentage of 0.247 at the time of her death.

On October 1, 2001, Morgan filed a complaint against the Refinery Lounge and its owners, the bartender, and various insurance companies including Fortis. In his "common facts" section of the complaint, Morgan alleged that Alurac "left the Refinery with a blood alcohol content well above the legal limit in Alaska" and "got into her vehicle and drove less than a mile from the Refinery when the fatal crash occurred." Against Fortis, Morgan alleged that while an accidental death and dismemberment benefit in the amount of $25,000 had been paid, Fortis had failed to pay the additional $25,000 owed

under the automobile accident benefit provision. Morgan claimed that Fortis's denial of benefits was "a breach of contract and an unfair/deceptive trade and claim practice, made negligently and/or in bad faith, entitling plaintiffs to compensatory and punitive damages." Fortis moved for summary judgment based on the intoxication exclusion, the violation of traffic laws exclusion, and a claim that the loss was not accidental. Morgan filed his opposition to Fortis's motion for summary judgment and oral argument was held. Judge Wood entered an order granting summary judgment to Fortis. Judge Wood denied Morgan's motion for limited reconsideration finding no material issue of disputed fact as to the application of the intoxication exclusion and the violation of traffic laws exclusion. The order stated in part:

> Summary judgment is appropriate in this case because there is no genuine issue of material fact that Martina Alurac was (1) violating the law by driving while intoxicated, and (2) that her intoxicated driving was "directly or indirectly" the cause of her death. On the facts presented to the court, a reasonable person would regard Alurac's intoxication as a cause of the accident that led to her death and attach responsibility to it. *Robles v. Shoreside Petroleum, Inc.*, 29 P.3d 838, 841 (Alaska 2001). The "efficient" proximate cause rule does not apply because the language of the policy exclusions is unambiguous. *C.P. v. Allstate Insurance Co.*, 996 P.2d 1216, 1228 (Alaska 2000); *State Farm v. Bongen*, 925 P.2d 1042 (Alaska 1996).

## III. STANDARD OF REVIEW

 This court reviews a superior court's grant of summary judgment de novo, and will affirm only "if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law." [1] In reviewing the record we draw all reasonable inferences in favor of the nonmoving party.[2]

## IV. DISCUSSION

 In analyzing whether summary judgment was properly granted, it is helpful to first lay out the general framework concerning what is required of both the movant and non-movant. Initially, the moving party must show that there is no genuine issue of material fact remaining for trial and that it is entitled to judgment as a matter of law.[3] This showing must be based on admissible evidence.[4] Once this has been done, the burden shifts to the non-movant to produce

> specific facts showing that [the non-movant] could produce admissible evidence reasonably tending to dispute or contradict the [movant]'s evidence, and thus demonstrate that a material issue of fact existed. In attempting to satisfy their respective burdens, the parties may utilize pleadings, affidavits, and any other materials otherwise admissible in evidence.[5]

Unsworn assertions of fact in a party's own pleadings and memoranda are not admissible evidence and cannot be relied upon to satisfy these burdens.[6]

## Fortis Is Entitled to Summary Judgment Based on the Intoxication Exclusion.

The superior court granted summary judgment to Fortis because

> there [was] no genuine issue of material fact that Martina Alurac was (1) violating the law by driving while intoxicated, and (2) that her intoxicated driving was 'directly or indirectly' the cause of her death. On the facts presented to the court, a reasonable person would regard Alurac's intoxication as a cause of the accident that lead to her death.

This refers to two exclusions found in the Fortis insurance policy. Because we find that summary judgment was proper under the

1. *Holland v. Union Oil Co. of Cal., Inc.*, 993 P.2d 1026, 1029 (Alaska 1999).

2. *Id.*

3. *Brock v. Rogers & Babler, Inc.*, 536 P.2d 778, 782 (Alaska 1975).

4. *Id.*

5. *Miller v. City of Fairbanks*, 509 P.2d 826, 829 (Alaska 1973) (footnotes omitted).

6. *Brock*, 536 P.2d at 783.

intoxication exclusion, we do not need to address the application of the other exclusions advocated by Fortis.

The "Accidental Death and Dismemberment Insurance for You" section of the policy contains an exclusion which reads:

We will not pay benefits if the loss results directly or indirectly from:

. . . .

your intoxication; this includes but is not limited to operating a motor vehicle while you are intoxicated.

"Intoxication" and "intoxicated" mean your blood alcohol level at death or dismemberment exceeds the legal limit for operating a motor vehicle in the jurisdiction in which the loss occurs.

The Automobile Accident Benefit section, which provides for a benefit of an additional $25,000, contains a provision which reads:

The Exclusions listed under the Accidental Death and Dismemberment Insurance Coverage for You will also apply to the Automobile Accident Benefit.

We construe exclusions of coverage narrowly.[7] "[W]here a clause in an insurance policy is ambiguous in the sense that it is reasonably susceptible to more than one interpretation, the court accepts that interpretation which most favors the insured. Grants of coverage should be construed broadly 'while exclusions are interpreted narrowly. . . .'"[8]

Morgan argues that it was improper for the superior court to award summary judgment under the intoxication exclusion because Fortis failed to prove that Alurac's death was causally connected to her intoxication as required by the text of the exclusion. Morgan alleges that Fortis "must provide that Martina's intoxication was 'the' cause—not just 'a' cause." This is in direct contradiction to the text of the exclusion, which states that loss must result "directly or

indirectly" from the intoxication. In *State v. Arbuckle*, this court applied an exclusion preventing coverage for a loss resulting "directly or indirectly from illness or disease."[9] The insured died after unloading a truck at work exacerbated his heart condition, causing a fatal heart attack.[10] We held that the exclusion applied even though the unloading of the truck also contributed to the insured's death. It was enough that his disease was at the very least an indirect cause.[11] Because the intoxication exclusion also uses the "directly or indirectly" language, Fortis is not required to show that intoxication was the only cause of Alurac's death, only that it was a contributing cause.

In support of its motion for summary judgment based on the intoxication exclusion, Fortis relies on the medical examiner's finding that Alurac's blood alcohol level at death was 0.247% and on Morgan's assertions in his complaint that Alurac left the bar with her blood alcohol above the legal limit and then drove away in her car. The police report states that "[t]he roads were dry and there was no snow or ice on them." The diagram of the accident shows that the road on which Alurac was driving was straight. Considering the fact that the only witness to this accident is deceased, Fortis has presented sufficient circumstantial evidence to show that Alurac's death was directly or indirectly related to her intoxication. This shifts the burden to Morgan to present evidence raising an inference that Alurac's intoxication was not a direct or indirect cause of the accident.

Morgan seems mainly to rely on the argument that Fortis has not produced enough evidence to sustain its burden to prove a causal link between the intoxication and the accident by a preponderance of the evidence. Morgan argues that the accident may have been caused by Alurac's taking Tylenol 3 with codeine. In support of this, Morgan presented to the superior court a copy of a

---

7. *D.D. v. Ins. Co. of N. Am.*, 905 P.2d 1365, 1368 (Alaska 1995).

8. *Bering Strait Sch. Dist. v. R.L.I. Ins. Co.*, 873 P.2d 1292, 1295 (Alaska 1994) (citation omitted) (quoting *Hahn v. Alaska Title Guar. Co.*, 557 P.2d 143, 145 (Alaska 1976)).

9. 941 P.2d 181, 184 (Alaska 1997).

10. *Id.* at 184–85.

11. *Id.* at 185.

prescription written for Alurac on the day before her death for Tylenol 3, which contains codeine. Tylenol with codeine is known to impair a person's ability to drive a car. Morgan argues that the accident could have been caused by the codeine in Alurac's system instead of the alcohol. Fortis replies that the medical examiner's drug screen was negative. Also, Fortis points out that taking Tylenol with codeine and drinking alcohol produces an additional depression of the central nervous system so that the alcohol in her system would still be an indirect cause of the accident. Finally, Fortis argues that taking the drug with alcohol is not taking it as prescribed by a doctor, which would fall under the exclusion for losses directly or indirectly resulting from "the use of any drug, unless you use it as prescribed by a doctor." Even assuming that Alurac's doctor did not tell her not to drink while taking the Tylenol with codeine and that she did in fact take the codeine, it would still be unreasonable to conclude that the extremely high level of alcohol in Alurac's system did not at least indirectly cause the accident. The codeine would only make what was already an impaired state even worse.

With respect to other possible causes alternative to the intoxication theory, Morgan suggests that

> it might have been a moose. It might have been slippery roads. It might have been a nefarious "black sedan"—and indeed, it *might* even have been intoxication. In any case, this question is not for the Trial Court, but for a jury to decide after hearing all the facts.

The problem is that Morgan does not provide us with any of the facts that he claims the jury must hear to decide this causation issue. Mere assertions of fact and unsubstantiated suppositions are not enough to overcome a motion for summary judgment.[12] Morgan is entitled to all reasonable inferences at the summary judgment stage, but without any admissible evidence suggesting an alternative cause for the accident or explaining how a blood alcohol level of 0.247% did not at least

indirectly cause Alurac's death, it is not reasonable to infer that the intoxication exclusion does not apply. Consequently, summary judgment to Fortis was proper.

## V. CONCLUSION

The superior court's award of summary judgment is AFFIRMED.

---

12. *French v. Jadon, Inc.,* 911 P.2d 20, 26 (Alaska 1996) (citing *State, Dep't of Highways v. Green,* 586 P.2d 595, 607 n. 32 (Alaska 1978)).