**George VOGT, Appellant,**

v.

**Violet WINBAUER, Appellee.**

**No. 305.**

Supreme Court of Alaska.

Dec. 13, 1962.

---

Julian C. Rice, Fairbanks, for appellant.

Robert A. Parrish, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

1. Civ.R. 54(b) relates to piecemeal judgments upon multiple claims or involving

PER CURIAM.

The appellee, Violet Winbauer, moves to strike the notice of appeal in this case for the reason that it was not timely filed and to dismiss the appeal because the requirement as to timely notice of appeal is jurisdictional.

Notations in the civil docket of the superior court reveal that this action was brought by the appellee against the appellant to recover damages for personal injuries. Trial by jury was held on August 30 and 31, 1962, and a verdict returned in favor of the appellee on the latter date. Also under date of August 31 appears the docket notation:

"Enter Judgment on Jury Verdict #1 —in favor of Pltf [appellee] in amt of $34,492^{00}—pursuant to rule 58, civil procedure per Courts [sic] Instruction".

A formal written judgment in favor of the appellee was signed by the trial judge on September 17, 1962, and was then filed and entered in the civil docket that same day. One week later the appellant filed a motion for a new trial, which the court denied on September 26. Notice of appeal from the judgment was filed by the appellant on October 9, 1962.

Supreme Ct.R. 7(a) provides that the time within which an appeal may be taken to this court "shall be thirty (30) days from the entry of the judgment appealed from unless a shorter time is provided by law * * *." The meaning of the term "entry of judgment," as it applies to civil trials by jury, is set forth in Civ.R. 58 where we read:

"Unless the court otherwise directs and subject to the provisions of Rule 54(b),[1] judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to interrogatories * * *. *The notation of*

multiple parties and so does not concern us here.

*a judgment in the civil docket as provided by Rule 74* [2] *constitutes the entry of the judgment;* and the judgment is not effective before such entry. In all cases the notation of the judgment in the civil docket shall be made at the earliest practicable time. The entry of the judgment shall not be delayed for the taxing of costs, but a blank space may be left in the form of judgment for insertion of costs by the clerk after they have been taxed." [Emphasis supplied.]

■ In the light of Civ.R. 58 and under the facts of this case, we hold that the thirty-day period within which notice of appeal had to be given by the appellant commenced to run on August 31, 1962, the date upon which the judgment upon the verdict was noted by the clerk in the civil docket. We further hold that the filing of an untimely motion for a new trial did not toll the running of the thirty-day appeal time.[3] Therefore, the failure of the appellant to file a notice of appeal until October 9, 1962, entitles the appellee to have the notice stricken and it has been so ordered.

The appellant contends that Supreme Ct. R. 6, which provides that appeal may be taken to this court from a final judgment, and Civ.R. 54, declaring that a judgment as used in the Rules of Civil Procedure includes a decree and any order from which an appeal lies and providing that the procedure for the submission of forms of judgments and orders shall be governed by Civ.R. 78, produce confusion and make it uncertain as to whether the running of time for an appeal commences upon the execution of the written judgment by the judge or whether the same commences to run from the entry of judgment on the verdict as defined in Civ. R. 58. Bearing in mind that the judgment in this case was on a general verdict of the jury, we fail to perceive any such confusion or uncertainty as suggested by the appellant.

■ As somewhat of a side issue and without conceding that the entry of judgment on the verdict on August 31 commenced the running of the thirty-day period for filing notice of appeal and the ten-day period for serving a motion for a new trial,[4] the appellant claims that any untimeliness in connection with his filing of the motion for new trial was waived in this case. He bases his contention upon the fact that counsel for the appellee made no objection that the motion was not timely served and the fact that the court inferentially exercised its power under Civ.R. 88 [5] to relax the strict requirement as to timeliness by proceeding to hear and rule upon the motion. This argument of the appellant is without merit. In the first place counsel cannot waive the strict requirements of the rules,[6] and in the second place there is nothing in the record sent up which indicates that the trial judge was relaxing the application of any rule in this case or that a request for such relaxation was ever made to him.

■ Lastly, in answer to the appellee's insistence that the requirement as to timely notice of appeal is jurisdictional, the appellant states that this cannot be, because Supreme Ct.R. 52 specifically provides that

2. Civ.R. 74 pertains to the books and records kept by the clerk of the superior court and provides in part in subdivision (a) thereof that all verdicts and judgments shall be noted chronologically in the civil docket.

3. Hulson v. Atchison, T. & S. F. Ry. Co., 289 F.2d 726, 729 (7th Cir.), cert. denied 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36 (1961).

4. Civ.R. 59(b) provides: "A motion for a new trial shall be served not later than

10 days after the entry of the judgment. * * *"

5. Civ.R. 88: "These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice."

6. Hulson v. Atchison, T. & S. F. Ry. Co., supra n. 3, at 730; 6 Moore, Federal Practice para. 59.09 [1], at 3847, n. 28 (2d ed. 1953).

the rules "may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice." On this point we agree with the appellant.

In Bridges v. Alaska Housing Authority we held that Supreme Ct.R. 27, prescribing the time limit within which a petition for review must be filed, is not jurisdictional inasmuch as Supreme Ct.R. 52 states that the rules are designed to facilitate business and advance justice, and that they may be relaxed or dispensed with where a strict application would be unfair.[7] We hold that the same rule should apply where the jurisdictional question concerns the timeliness of the filing of a notice of appeal.

■ However, in the instant case there is no sufficient showing by the appellant that a strict enforcement by this court of Supreme Ct.R. 7(a) will work surprise or injustice to him. He states that he was surprised in the sense that he was lulled into a false sense of security by the remarks of counsel for the appellee, at the hearing on the motion for a new trial, that the issue of timeliness as to service of the motion would not be raised in this case. If anything, the remarks of counsel should have put the appellant on notice that there might very well arise an issue in the case as to when the time for filing notice of appeal would commence to run.[8] The appellant claims that additional surprise was engendered by certain remarks of the trial court at the hearing which led him to believe that the court was establishing September 17, 1962, as the date from which the thirty-day period for filing notice of appeal should begin. We do not so interpret those remarks.[9]

While the appellant claims that an injustice will be worked upon him if this court holds that he had thirty days from August 31, 1962, within which to file his notice of appeal, he has not, in our opinion, sus-

---

7. No. 16, 349 P.2d 149, 155 (Alaska 1959). See also Edwards v. Franke, Opinion No. 45, 364 P.2d 60 (Alaska 1961), wherein we held at page 62 that the prematurity of a notice of appeal from the trial court's ruling did not, under the circumstances of that case, including the fact that the appellee did not move for a dismissal, of the appeal until time for answering the appellant's brief, preclude this court from hearing the appeal on its merits, applying Supreme Ct.R. 52.

8. We think it important to set forth the following extract from the remarks of court and counsel at the hearing on the motion for a new trial:
"THE COURT: * * * [A]t this time Defendant's Motion for a New Trial is denied, and let a minute order to that effect be entered. And the record will reflect the Judgment was signed on the 17th day of September, 1962.
"MR. PARRISH: Might I make a comment in that regard Your Honor?
"THE COURT: Mr. Parrish.
"MR. PARRISH: This has nothing to do with this case. But I believe the Rule provides that Motions for New Trial should be filed within 10 days after the entry of Judgment. The Rules also provide that entry of Judgment—Judgment may be entered by the Court upon receipt of the jury verdict. Time for filing

the Motion for a New Trial is 10 days. Now someday, we're going to have to have a ruling on whether these motions must be filed within 10 days from the entry of Judgment by the Court or by the Clerk, or 10 days after a formal Judgment is submitted and signed. It's my theory that they must be—that the entry of Judgment is conclusive when entered by the Court and docketed by the Clerk, but it is a point Your Honor. It may come up in another case, but I didn't raise it here.
"THE COURT: That's come up at two judicial conferences that I've attended, it's been kicked around a bit, and the Supreme Court is alerted to the problem and I believe that the new Rules are going to—
"MR. PARRISH: Solve that?
"THE COURT: —solve it. Of course, I agree the Rule says that the Court shall direct entry of judgment—direct the Clerk to enter Judgment when the verdict is returned, on the verdict, and it would appear that you have two different times [sic]—starting points for time, for the 10 days. And in this case, I believe I did direct the Clerk to enter to [sic] Judgment when the verdict was filed.
"MR. PARRISH: So, at any rate, as to the time of the Motion, there was nothing else."

9. See note 8 supra.

tained the burden of showing wherein such injustice lies other than by his untenable claims that there is ambiguity in the rules and that he was misled by remarks of the trial court and counsel for appellee.[10] The motion to strike the notice of appeal and to dismiss the appeal is granted.

So ordered.

10. See Schaefer v. Duhame, 65 Ariz. 385, 181 P.2d 628, 631 (1947); Holton v. Holton, 121 Utah 451, 243 P.2d 438 (1952).

We take this opportunity to call the attention of our bench and bar and the clerks of the superior court to the provisions of Civ.R. 73(d) relating to the giving of notice of the entry of orders or judgments. Familiarity with the rule and compliance therewith is strongly urged upon all concerned.

In the instant case the appellant does not claim that he never received notice of the judgment entered on August 31; but if that had been the fact he might at least have sought the relief provided in Supreme Ct.R. 7(a) "that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the court from which the appeal is taken may, in any action, extend the time for appeal not exceeding thirty (30) days from the expiration of the original time herein prescribed."