**Edmund N. ORBECK and Sherry Orbeck,
Appellants,**

v.

**WHEELER CONSTRUCTION COMPANY,
Inc., Appellee.**

**No. 382.**

Supreme Court of Alaska.

Aug. 20, 1964.

Charles E. Cole, Fairbanks, for appellant.

Robert A. Parrish, by Karl L. Walter, Jr., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This case originated over differences between the parties concerning a contract for the construction of a dwelling house and presents questions relating to appellate procedure and the appropriateness of certain jury instructions. The facts briefly stated are these:

On July 17, 1957, the appellee, Wheeler Construction Company, hereinafter designated ·Wheeler, contracted with the appellants, Mr. and Mrs. Edmund N. Orbeck, to construct a house for them in the City of Fairbanks. The contract was partly oral and many of its terms are in dispute. Essentially, Wheeler was to furnish certain labor and materials and the Orbecks were to do the sheetrock taping, painting, and electrical and plumbing finishing themselves. There were frequent modifications of the original contract. At least some of the work originally planned to be done by the Orbecks was done by Wheeler and its subcontractors. For the additional labor and material thus required, the Orbecks were to pay on the basis of cost plus ten percent profit and ten percent overhead.

On June 5, 1961, Wheeler commenced this action to recover $8,967.62, claiming this amount as a balance due it from the Orbecks for all labor and materials furnished to them under the terms of the contract. The Orbecks filed an answer and counterclaim, in which they alleged that the original contract price was for only $24,450.52; that this amount was subsequently modified and reduced to $23,354.52; and that Wheeler breached the contract by failing to follow specifications and to construct the house in a workmanlike manner, to their damage in the sum of $10,300. In its reply to the counterclaim, Wheeler admitted the oral contract and its modifications but maintained that the modifications increased rather than decreased the total price.

The case was tried to a jury which returned a verdict of $8,968.62 for Wheeler and $781.99 for the Orbecks on their counterclaim, or a net amount of $8,186.63 for Wheeler, and the court entered judgment accordingly. A motion of the Orbecks for a new trial was denied and they then gave notice of appeal from the judgment.

In their brief on appeal the Orbecks specify that the trial court committed reversible error by first instructing the jury that Wheeler, in order to recover, had to prove by a preponderance of the evidence the terms, conditions and modifications of the subject contract and that it had performed the contract in a workmanlike manner, and then later in another instruction directing the jury that the burden was on the Orbecks to establish by a preponderance of the evidence the modification of the initial agreement reducing the contract price and that Wheeler did not perform its work in a workmanlike manner. These instructions they claim, were conflicting and contradictory on the issue of which party had the burden of proving modifications of the

original contract and on the issue of work performance in a workmanlike manner.

At the outset Wheeler directs our attention to the fact that the Orbecks have never served and filed a statement of points on appeal as required by Supreme Court Rule 9(e) and insists that the instant appeal should therefore be dismissed. This, of course, presents a question which must be decided before any consideration can be given to the merits of the appeal.

Supreme Court Rule 9(e) reads as follows:

"If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve and file with his designation [of the portions of the record, proceedings and evidence to be contained in the record on appeal] a concise statement of the points on which he intends to rely on the appeal. *Otherwise such statement of points shall be served and filed prior to the time that the preparation of the record on appeal is to be completed. The court will consider nothing but the points so stated.*[1] [Emphasis added.]

■ It appears that the Orbecks designated the complete record and all the proceedings and evidence in the action to be contained in the record on appeal. Such being the case, only the italicized portion of the rule applied to them and required that they serve and file their statement of points prior to January 31, 1964, the date on which the preparation of the record on appeal was to be completed. But they completely disregarded the mandate of the rule and never at any time served or filed the required statement of points.

■ This court is not inclined to cut off rights of appellate review because of

---

1. It is to be noted that the first sentence of Supreme Court Rule 9(e), supra, is almost identical with the second sentence of Rule 75(d) of the Federal Rules of Civil Procedure. However, the federal rule contains no such provisions as those set forth in the last two sentences of our Rule 9(e) and as to those provisions we cannot expect to find any federal court decisions in point.

some failure on the part of a litigant to comply with the rules, if to do so would work surprise or injustice or would result in countenancing plain error apparent on the face of the record.[2] However, we must also remain mindful of the fact that the rules are designed to facilitate business and to assure an orderly procedure on appellate review and should therefore be enforced by this court.

■ . Although the requirements of Rule 9(e) are not jurisdictional in the light of Supreme Court Rule 52 which provides in part that the rules "may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice,"[3] nevertheless we believe it to be incumbent upon the party seeking relaxation of a particular rule to make a sufficient showing that he will actually suffer surprise or injustice if the rule is strictly enforced against him.[4]

■ This the Orbecks have failed to do; in fact, they have chosen to stand mute in their briefs on the charge of rule infraction leveled against them by Wheeler.

Under the circumstances as above related and finding no plain error apparent on the face of the record, we conclude that the appeal should be dismissed,[5] and it is so ordered.

2. Speaking of plain error apparent on the face of the record, one court has said: "Where the point is dubious and requires argument to demonstrate it, we think that it cannot be said that there is plain error apparent on the face of the record." Hotelling v. Walther, 174 Or. 381, 148 P.2d 933, 934 (1944).

3. See Vogt v. Winbauer, 376 P.2d 1007, 1009–1010 (Alaska 1962).

4. Id. at 1010.

5. But see Lapham v. Town of Haines, 372 P.2d 376 (Alaska 1962), in which this court decided the case on its merits in spite of the fact that the appellants had failed to file a statement of points on appeal.