Robert COOK, Appellant,

v.

**AURORA MOTORS, INC., and General Motors Corporation, Appellees.**

No. 1718.

Supreme Court of Alaska.

Dec. 8, 1972.

H. Bixler Whiting, Fairbanks, for appellant.

Dennis E. Cook, Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellees.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

BOOCHEVER, Justice.

On March 30, 1972, appellee Aurora Motors (Aurora) filed in superior court a motion to dismiss appellant Robert Cook's appeal of a February 29, 1972, district court judgment in a case involving an automobile warranty. Aurora based the motion to dismiss upon Cook's noncompliance with District Court Civil Rule 13 which requires that the notice of appeal contain a concise statement of the grounds of appeal.[1]

Cook's notice of appeal contained no such statement. The superior court granted the motion for dismissal. This appeal has been taken from the superior court's ruling.

■ Cook asserts here that the superior court erred in dismissing the appeal from the district court for not timely filing the points of appeal, insofar as the court viewed the dismissal as a question of jurisdiction rather than discretion. We agree that the requirement of filing such a statement is not jurisdictional.

Under Supreme Court Rules substantially similar to the District Court and Civil Rules in point here,[2] this court has held

1. District Court Civil Rule 13 provides in part:

*Appeal: Time—Notice—Cost Bond.*

(a) *When Taken.* The time within which an appeal may be taken from a judgment of a magistrate court to the superior court shall be 30 days from the date of entry of the judgment appealed from, except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the court from which the appeal is taken may, in any action, extend the time of appeal not exceeding 30 days from the expiration of the original time herein prescribed.

. . . . .

(c) *Notice of Appeal.*
(1) *Written Notice.* A party may appeal from a judgment by filing with the magistrate a notice of appeal in duplicate, with sufficient additional copies for all parties. The notice of appeal shall contain the following:
[a] The title of the action.
[b] The names of the parties taking the appeal.
[c] The judgment or part thereof appealed from and date of its entry.
[d] The name of the court to which the appeal is taken.
[e] A concise statement of the grounds of appeal.
Notification of the filing of the notice of appeal shall be given by the magistrate by mailing copies thereof to all the parties to the judgment other than the party or parties taking the appeal, but his failure so to do does not affect the validity of the appeal. The notification to a party shall be given by mailing a copy of the notice of appeal to

his attorney of record or, if the party is not represented by an attorney, then to the party at his last known address.
(2) *Oral Notice.* A written notice of appeal may be dispensed with if at the time the decision is rendered or judgment entered a party gives oral notice of appeal in open court when the other party to the action is present or represented. When oral notice of appeal is given, the appellant shall state to the the court the grounds of the appeal, and the court shall note them in the record. Additional grounds for appeal may be set forth by written notice to the court, filed within the time allowed for the filing of a written notice of appeal.
(3) *Review Limited to Grounds Stated.* The grounds of the appeal stated orally or in writing shall constitute the sole basis for review by the superior court.

2. Supreme Court Rules 7 and 9 are similar to District Court Civil Rule 13 (see n. 1, *supra*) providing:

*Rule 7. Appeal: Time—Notice—Bonds.*
(a) *When Taken.* The time within which an appeal may be taken to the supreme court shall be thirty (30) days from the entry of the judgment appealed from unless a shorter time is provided by law, . . .
*Rule 9. Record on Appeal.*

. . . . .

(e) *Statement of Points.* The appellant shall serve and file with his designation a concise statement of the points on which he intends to rely on the appeal. The court will consider nothing but the points so stated. . . .

that the requirement of timely filing a statement of points of appeal is not a jurisdictional matter. In Orbeck v. Wheeler Construction Company, 394 P.2d 781 (Alaska 1964), the appellant failed to file a statement of points of appeal with the supreme court and appellee moved for dismissal. Although the court dismissed for other reasons, it did point out that the filing of points of appeal is not a jurisdictional question:

> Although *the requirements of Rule 9(e) are not jurisdictional in the light of Supreme Court Rule 52 which provides* in part that the rules "may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice," nevertheless we believe it to be incumbent upon the party seeking relaxation of a particular rule to make a sufficient showing that he will actually suffer surprise or injustice if the rule is strictly enforced against him. *Orbeck* at 783 (emphasis added, footnotes omitted).

This view is more fully explained in Vogt v. Winbauer, 376 P.2d 1007 (Alaska 1962), which concerned the timeliness of the filing of a notice of appeal:

> Likewise, Supreme Court Rule 52 is almost identical to Civil Rule 94 which is made applicable to the district court by District Court Civil Rule 1. Supreme Court Rule 52 provides:
> *Construction.*
> These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.
> while Civil Rule 94 states:
> *Relaxation of Rules.*
> These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the Court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.
> District Court Civil Rule 1(a)(1) specifies:
> *Scope of Rules.*
> (1) The procedure in civil actions and proceedings before a district magistrate shall be governed by the rules governing the procedure in the superior

Lastly, in answer to the appellee's insistence that the requirement as to timely notice of appeal is jurisdictional, the appellant states that this cannot be, because Supreme Ct. R. 52 specifically provides that the rules "may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice." On this point we agree with the appellant.

In Bridges v. Alaska Housing Authority [349 P.2d 149 (Alaska 1959)] we held that Supreme Ct. R. 27, prescribing the time limit within which a petition for review must be filed, is not jurisdictional inasmuch as Supreme Ct. R. 52 states that the rules are designed to facilitate business and advance justice, and that they may be relaxed or dispensed with where a strict application would be unfair. We hold that the same rule should apply where the jurisdictional question concerns the timeliness of the filing of a notice of appeal. *Vogt* at 1009–1010 (citation added, footnote omitted).

In ruling on the motion the lower court several times referred to the question of dismissal for noncompliance with the rules as a jurisdictional question.[3] In light of this

> court to the extent that such rules are applicable.

3. THE COURT: All I've got is a motion to dismiss the appeal— . . . —and it looks to me that its jurisdictional if there's—I went through the original transcript in here, the district court file and I don't see any statement of grounds on appeal. The only things appears . . . .

> THE COURT: Well, I'll consider your brief and I'll—I'd just as soon take it up now. The question I have is, isn't this the filing of points on appeal or grounds of appeal, isn't that a jurisdictional matter in any appellate case?

> MR. WHITING: I don't—I don't believe so Your Honor, . . . The question is, what prejudice does it cause the defendant, . . . .
> . . .
> THE COURT: It isn't a point of prejudice though.

mistaken impression of the law, we must remand this motion to the lower court for a new ruling under that court's discretionary powers.

■■ In deciding whether the requirements of District Court Rule 13 should be relaxed or dispensed with in order to hear the appeal, the lower court should examine the standards applied by this court in enforcement of the analogous Supreme Court Rules 7(a) and 9(e). In Orbeck v. Wheeler Construction Company, *supra*, in which this court dismissed an appeal for failure to timely file a statement of points, we said:

> This court is not inclined to cut off rights of appellate review because of some failure on the part of the litigant to comply with the rules, if to do so would work surprise or injustice or would result in countenancing plain error apparent on the face of the record. However, we must also remain mindful of the fact that the rules are designed to facilitate business and to assure an orderly procedure on appellate review and should therefore be enforced by this court.

Although the requirements of Rule 9(e) are not jurisdictional in the light of Supreme Court Rule 52 which provides in part that the rules "may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice," nevertheless we believe it to be incumbent upon the party seeking relaxation of a particular rule to make a sufficient showing that he will actually suffer surprise or injustice if the rule is strictly enforced against him. *Orbeck,* 394 P.2d at 782–783 (footnotes omitted).

In this case there has been no contention of surprise. The lower court thus should, pursuant to Civil Rule 94,[4] require a showing by Cook that he will suffer injustice if the rule is strictly enforced against him.

■ In examining the circumstances of this case, the lower court should balance the right to appellate review, the willfulness and extent of the rules violation,[5] and the possible injustice that might result from dismissal.[6] Depending on its findings, the court then could either relax the rules and allow the appeal, dismiss the appeal for noncompliance with the rules, or allow the appeal but assess costs or attorney's fees as a penalty for the rules infrac-

---

THE COURT: I'm going to dismiss the appeal. You're the only attorney in town that has this procedure that you've just outlined, that I know of. You're the only attorney I've ever heard of that has to hear the transcript before he comes upon with his points on appeal. The only thing that I can suggest is that you revise your method of handling appeals because the points on appeal in my opinion are jurisdictional

. . . .

4. Quoted in n. 2, *supra*.

5. This is not a case of repeated failure to comply with a rule or order of the court. During the argument before the superior court, Cook offered to file the statement of grounds for appeal within one day's time.

6. Although it should not be determinative of the case, the court notes that the motion to dismiss was made exactly 30 days after judgment without ever contracting opposing counsel. Even though neither the American Bar Association Canons of Professional Ethics nor the Alaska Bar Rules contain such a specific provision, we feel that the better practice is that outlined in the Code of Trial Conduct of the American College of Trial Lawyers:

> 14(a) . . . When [a lawyer] knows the identity of a lawyer representing an opposing party, he should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed.

American College of Trial Lawyers Code of Trial Conduct No. 14(a), p. 149 (1971–72).

This practice is a highly desired courtesy to the opposing side, which can help avoid unnecessary, time-consuming motions before the court.

tion in order to discourage similar future conduct, pursuant to Civil Rule 95.[7]

The case is reversed and remanded for further proceedings in accordance with this opinion.

---

**7.** Civil Rule 95 provides:
 *Penalties.*
 For any infraction of these rules, the court may withhold or assess costs or attorney's fees as the circumstances of the case and discouragement of like

conduct in the future may require; and such costs and attorney's fees may be imposed upon offending attorneys or parties.

*Cf.* Ketchikan Cold Storage Co. v. State, 491 P.2d 143, 148–149 (Alaska 1971).