STATE of Alaska, DEPARTMENT OF HIGHWAYS and Alaska Pacific Assurance Company, Appellants,

v.

BURGESS CONSTRUCTION COMPANY and Employers Mutual Companies, Appellees.

No. 3091.

Supreme Court of Alaska.

March 10, 1978.

---

Charles P. Flynn, Burr, Pease and Kurtz, Inc., Anchorage, for appellants.

Dennis E. Cook, Merdes, Schaible, Staley and Delisio, Inc., Fairbanks, for appellees.

Ronald W. Lorensen, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, for amicus curiae, Alaska Workmen's Compensation Bd.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR and BURKE, Justices.

## OPINION

BURKE, Justice.

In this appeal we are called upon to unravel a series of procedural mishaps which occurred in an appeal to the superior court from a decision of the Alaska Workmen's Compensation Board (hereinafter referred to as the Board).

The case began when Thurman Benson filed a claim for workmen's compensation against appellee Burgess Construction Company and appellant State of Alaska, Department of Highways, and their respective

insurers. Benson claimed that he suffered from a progressive occupational disease described as Pellatol poisoning, which is caused by prolonged exposure to the fumes of detonated explosives, and that as a result he was permanently and totally disabled. Benson had been employed for many years as a powderman doing drilling and blasting when, in May of 1968, the symptoms of the poisoning first appeared. At that time he was working with explosive materials for Burgess and, as a result, he received temporary total disability benefits from Burgess' insurer. He subsequently returned to work for Burgess. In the following years, Benson worked as a powderman for several other employers, his last job being on a blasting project for the Alaska Department of Highways in October of 1972. This job lasted for about a week.

Following a hearing on December 2, 1974, the Board held that Benson was permanently and totally disabled as of April 12, 1973, and that this disability was a result of his work with explosives. The Board further held that Burgess and its insurance carrier were liable for Benson's disability on the ground that Benson was first injured in May of 1968 while working for Burgess and that his jobs with subsequent employers, *including the State of Alaska*, had not resulted in a "new incident or greater disability."

The Board's decision was received by counsel for Burgess on February 21, 1975. On March 20, 1975, Burgess filed a complaint for injunction in the superior court pursuant to AS 23.30.125(c), naming the Board and Benson as defendants, but not the State of Alaska or its insurer. On March 25, 1975, counsel for the Board at the Attorney General's office informed Burgess' counsel by letter, a copy of which was sent to counsel representing the Highway Department, that Burgess had not followed the proper procedure in appealing from the Board's decision and that it had not joined the highway department and its insurer as required. Thereafter, on March 28, 1975, Burgess filed a notice of appeal in the superior court pursuant to Appellate Rule 45(b), naming the Board, Benson and the State of Alaska and its insurer as defendants. The complaint for injunction was subsequently dismissed without prejudice and Burgess proceeded with its appeal.

In both its complaint for injunction and appeal Burgess contended that the Board had erred in finding Benson's disability to be employment-related and, in the alternative, that the Board had erred in holding Burgess liable rather than the State, a subsequent employer on whose job Benson had suffered his last injurious exposure.

On August 25, 1975, the State and its insurer moved to dismiss Burgess' appeal as it pertained to them on the grounds that they had not been named as parties in the March 20 complaint for injunction and that the notice of appeal, which did name them, was untimely, as it had not been filed within 30 days of the Board's order as required by Appellate Rule 45(a)(2). Judge James Blair granted the motion and ordered the State and its insurer dismissed from the action on October 9, 1975. No appeal was taken from this order.

Thereafter, in July of 1976, oral argument was heard on Burgess' appeal before Judge Gerald Van Hoomissen who subsequently ruled that Benson's disability was job-related but that the Board had erred in not imposing liability on the last employer on whose job Benson had been injuriously exposed to explosives. Without any prior notice to the State or its insurer, Judge Van Hoomissen further ordered that the case be remanded to the Board for a finding as to the liability of the State of Alaska. This appeal by the State and its insurer followed.

At the outset we note several things that are clear in this case. First, in filing a complaint for injunction pursuant to AS 23.30.125(c),[1] rather than an appeal under

1. AS 23.30.125(c) provides in relevant part:
   If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings in the superior court brought by a party in interest against the board and all other parties to the proceedings before the board.

Appellate Rule 45, Burgess employed the wrong procedure. Appellate Rule 45(a)(2), which became effective on March 15, 1973, provides in relevant part that, "[t]he time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant." Subsection (i) of the rule states: "These rules shall supersede all other procedural methods specified in Alaska statutes for appeal from administrative agencies to the courts of Alaska." [2] Second, in failing to name the State of Alaska as a party-defendant, Burgess did not even comply with the improper procedure it had chosen, for AS 23.30.125(c) requires the complaining party to bring an injunction against the Board *and all other parties* to the administrative proceedings.[3] Third, when Burgess did file a proper appeal naming the State as a defendant, that appeal was not timely, at least as to the State, for it was brought more than 30 days from the date of mailing or delivery of the Board's decision.

▮▮▮ Under strict application of the rules, therefore, it is clear that Judge Blair could have properly dismissed the State from Burgess' appeal, as he did.[4] It is equally clear that once the State was dismissed from the action by Judge Blair's order, it was improper for Judge Van Hoomissen to have then remanded the case to the Board for a determination of whether the State was liable to Benson. Basic notions of due process mandate that the court could not render a decision affecting the State when the State had not participated in the proceedings leading to the decision, and when, in fact, the State justifiably believed itself to no longer be a party to the action.

Were there no countervailing factors here, this case would be fairly simple: Judge Blair's dismissal of the State would be upheld and that portion of Judge Van Hoomissen's order remanding the case to the Board for determination of the State's liability would be vacated. However, Appellate Rule 46 states:

> These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.

In the past, this rule[5] has been discussed primarily in situations where parties have failed to comply with the rules involved in taking appeals to this court. *E. g., Miller v. City of Fairbanks,* 509 P.2d 826, 829 (Alaska 1973); *Orbeck v. Wheeler Construction Company,* 394 P.2d 781, 783 (Alaska 1964); *Vogt v. Winbauer,* 376 P.2d 1009–10 (Alaska 1962). Rule 46 has also been applied, however, where improper procedures were employed in appeals to the superior court from administrative decisions. *Alaska Pub. Util. Com'n. v. Munic. of Anchorage,* 555 P.2d 262, 264 n. 1 (Alaska 1976).

---

2. The fact that Burgess filed the wrong type of action is not in itself necessarily problematical, for where a complaint for injunction is timely filed, as here, it may be treated as if it were properly brought when justice so requires. *Alaska Pub. Util. Com'n. v. Munic. of Anchorage,* 555 P.2d 262, 264 n. 1 (Alaska 1976). Of course, however, parties should file the correct action.

3. We note that the fact that the Board has received notice of an action does not necessarily mean that the State of Alaska in its capacity as an employer has also received notice. Moreover, an attorney for the State's insurer represents the State's interests as an employer rather than the State's legal department in proceedings such as this.

4. Judge Blair could have waived the time requirement, however, under Civil Rule 94 which permits relaxation of the rules when strict adherence to them would work an injustice. The choice between strict enforcement of rules, which is necessary to efficient administration of the courts, and the interests of justice in a particular case requires a delicate balance of interests. Here, it would have been preferable for the trial judge to relax the rules since it was apparent that the State should have been made a party to prevent possible injustice. Moreover, no prejudice could have resulted to the State from the slight delay in making it a party to the appeal.

5. Appellate Rule 46 was formerly Supreme Court Rule 52.

It is generally held to be incumbent upon the party seeking relaxation of the rules to make a sufficient showing that enforcement of the rule will result in surprise and injustice to that party. *Miller, supra; Orbeck, supra; Vogt, supra.* Burgess has not met this burden. We find, however, that strict enforcement of the rules, so as to take the State of Alaska out of this action (thereby making final the Board's order absolving the State from liability to Benson), may work a serious injustice to one not a party to this appeal; namely Benson. We feel that Rule 46 may be used to prevent injustice under the peculiar circumstances of this case, as discussed below.

In its superior court appeal, Burgess claimed (1) that Benson's disability was not work-related, and (2) that even if it were, the last employer on whose job Benson was injuriously exposed to explosives (*i. e.*, the State) should be liable rather than Burgess. After the State was dismissed from the appeal, Burgess could have and did go forward on these two claims.

In his trial brief, Benson addressed Burgess' first contention. Judge Van Hoomissen found in favor of Benson on that issue. However, without the benefit of argument by either Benson or the State, Judge Van Hoomissen agreed with Burgess' second argument and found the "last injurious exposure" rule to be the correct law to apply. He then remanded the case for a determination of the State's liability under this rule. We have already noted that this remand was improper. If we then affirm Judge Blair's dismissal of the State, however, the following situation may result because of Burgess' failure to comply with the proper procedures: Upon remand to the Board, the State rather than Burgess may be liable to Benson under the last injurious exposure rule. The Board will not have jurisdiction over the State, however, and thus Benson may find that while he has a compensable disability, he will be legally entitled to benefits from no one.

Of course, Benson's counsel should have been aware of the consequences of not having the State a party to the appeal, and he should have argued against dismissal of the State for this reason. There is no evidence in the record that Benson responded to the State's motion for dismissal, nor that Benson (or Burgess) appealed from Judge Blair's order. The record shows only one brief filed on behalf of Benson on September 15, 1975, and that brief only addresses the issue of whether Benson's disability was job-related. It appears that Benson may no longer have been actively represented when either Judge Blair or Judge Van Hoomissen's orders were entered, although the record does not conclusively establish this. Moreover, we take judicial notice of the fact that the attorney who was purportedly representing Benson in the action was at one time suspended from practice.

█ In short, if we were to affirm Judge Blair's dismissal of the State, Benson, himself an innocent party, may not be able to collect rightfully due disability benefits simply because of the errors of his opponent. Justice requires that we not allow such a consequence to flow from Burgess' non-compliance with procedural rules. Accordingly, we reverse Judge Blair's order dismissing the State from this action, vacate Judge Van Hoomissen's decision, and remand the case to the superior court for a new adjudication of the appellate issues in this case.[6]

---

**6.** Our holding in this rather unusual case is not to be taken as a general condonation of non-compliance with procedural rules. Such rules exist for good reason and we do not intend that . this decision be viewed as an indication that in the future the superior court should, or this court will, be generous in applying Appellate Rule 46.