ESTATE OF Phillip H. SMITH and
Estate of George B. Anderson,
Appellants,

v.

STATE of Alaska, Commercial Fisheries
Entry Commission, Appellee.

No. 5314.

Supreme Court of Alaska.

Oct. 23, 1981.

Brad J. Brinkman, Law Offices of Findley & Brinkman, Juneau, for appellants.

Ann E. Prezyna, Asst. Atty. Gen., and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

BURKE, Justice.

Appellants seek to overturn the refusal of the Commercial Fisheries Entry Commission (CFEC) to consider their applications for limited entry permits. As we conclude that neither estate pursued its remedies in a timely fashion, we affirm the superior court's decision in favor of the CFEC.

Phillip Smith fished commercially in Alaska waters for many years prior to his death on May 18, 1972. George Anderson, a lifelong resident of Chignik Lagoon, Alaska, had been a commercial fisherman in that area for at least the three years preceding his death on May 24, 1972.

The legislature created the CFEC in 1973 and authorized it to determine who would

receive permits to operate commercial fishing gear.[1] See AS 16.43. Under this act, commercial fishing after January 1, 1974, required a valid permit issued by the commission. AS 16.43.140(a). The act instructed the commission to judge applicants solely upon their qualifications as of January 1, 1973. AS 16.43.260(d).

Having solicited the attorney general's opinion on the question, the commission adopted a regulation permitting the representative of the estate of an individual who died on or after January 1, 1973, to apply for an entry permit in the decedent's name. 20 AAC 05.530(a). Pursuant to that regulation, the CFEC rejected the applications of both the Smith and Anderson estates, when they were filed during the application period in 1975, since both had died prior to January 1, 1973.

The CFEC's letter to Smith's widow, Bettie Cook, advised her of its determination, and of her right to request a hearing, saying she should contact the commission if she had any questions about the case. Mrs. Cook consulted counsel in the State of Washington, and her attorney wrote to the CFEC in February 1975 disagreeing with the commission's action. The CFEC replied in March, refusing to alter its position and offering Cook the opportunity to submit affidavits and written argument since she sought to avoid the expense of traveling to Alaska for a hearing. The CFEC then refused to hold a hearing after Cook's attorney made a request by telephone, writing that the absence of a regulation making the estate eligible for a permit made a hearing "fruitless." The estate took no further action on its behalf until Alaska counsel wrote to the CFEC in April 1978 to request a hearing on the estate's application.

The CFEC denied the new request for a hearing and stated:

Assuming for purposes of this action that your April 14, 1978, request is timely and free from other defect, I am unable to grant your requested hearing on the grounds advanced.

For purposes of exhaustion of administrative remedies, this letter is the final action by this Commission on your applications. Under the Court Rules of Alaska, Appellate Rule 45 (enclosed), there is a 30 day period from the date on this letter to appeal this denial to a superior court in the State.

The estate's request for reconsideration was also denied.

George Anderson's estate also applied for a permit in 1975, and the commission similarly rejected his application. The CFEC's letter did not mention any available hearing, and closed by inviting the representative to contact the commission with any questions. No further action was taken on the application until July 8, 1977, when a letter was written on behalf of Anderson's widow[2] seeking review of her application by the CFEC. The commission wrote back with its conclusion that it found no error in its previous determination and again expressed a willingness to answer any questions. Mrs. Anderson was first represented by counsel on June 30, 1978, when a hearing was requested concerning the CFEC's determination of the estate's ineligibility. The CFEC denied the request in October, 1978, and made the same statement concerning judicial remedies as quoted above.[3]

In both cases, the CFEC had sent the estates a form letter in the spring of 1978 advising them that they had until July 1, 1978, to submit evidence in support of additional point claims on their applications.

Both estates filed notices of appeal in the superior court, and the cases were consolidated. The court found that the estates had not met the time requirements of for-

---

**1.** We set out the history of the limited entry legislation in *Commercial Fisheries Entry Comm'n v. Apokedak*, 606 P.2d 1255, 1258–60 (Alaska 1980) and *Isakson v. Rickey*, 550 P.2d 359, 360–61 (Alaska 1976).

**2.** The letter is not from an attorney.

**3.** The letter to the Anderson estate did not contain language questioning the timeliness of the request for a hearing.

mer Appellate Rule 45(a)(2),[4] and alternatively upheld the CFEC on the merits. As we conclude that the court did not abuse its discretion in declining to excuse the late filing of the appeals, we do not reach the merits of the dispute.

■ The estates first argue that their appeals were timely filed, contending that the time for appeal did not begin to run until the CFEC denied their requests for a hearing and reconsideration in 1978. We find little substance in this argument, since it is apparent that the commission was only asked in 1978 to change its position from that expressed in 1975. While the 1978 request was based in part on changes in regulations made by the CFEC in the intervening time, this circumstance does not alter the fact that the estates' applications had been rejected in 1975, with concomitant availability of judicial review that should have been utilized then.[5]

■ The estates also argue that the superior court should have exercised its discretion to hear the appeals pursuant to former Appellate Rule 46,[6] giving the court power to relax the rules' requirements "where a strict adherence to them will work surprise or injustice." The burden is on the party seeking such relaxation to demonstrate the existence of surprise or injustice. *State v. Burgess Constr. Co.*, 575 P.2d 792, 796 (Alaska 1978).

Several cases have discussed the considerations to be balanced in deciding whether to relax the rules. These considerations include " 'the right to appellate review, the willfulness and extent of the rules violation and the possible injustice that might result from dismissal.' " *Ballard v. Stich*, 628 P.2d 918, 921 (Alaska 1981), *quoting Jerrel v. Kenai Peninsula Borough School District*, 567 P.2d 760, 766 (Alaska 1977). In *Ballard*, we upheld the superior court's dismissal of the complaint where it was filed almost five months late. *Jerrel* upheld the trial court's dismissal of a complaint where the appeal was taken more than a month late. In *North Star, Inc. v. Fairbanks North Star Borough*, 621 P.2d 1335 (Alaska 1981) we upheld a dismissal for untimeliness under former Appellate Rule 45(a)(2) where the appeal was taken thirteen days late.

In *Owsichek v. State*, 627 P.2d 616, 622 (Alaska 1981), we did hold that the superior court abused its discretion in refusing to relax the rules. There, Owsichek had received a letter from the Guide Licensing and Control Board advising him that it had assigned him a different area than he had requested, and stating that he could call the board with any questions. *Id.* at 618. Owsichek called the board and it suggested that he contact the other guides and attempt to work out an agreement with them for his joint use of the area. When this course failed, Owsichek filed his complaint in superior court, some two months after the board sent its original letter. *Id.* We reversed, stating:

> We believe that Owsichek has sufficiently established that enforcement of the thirty-day rule would result in surprise and injustice to him. The letter he received from the Guide Board did not indicate

---

4. Appellate Rule 45(a)(2) is now contained in Appellate Rule 602(a)(2), and provides as follows:

   The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

5. We also reject the estates' contention that the CFEC's form letter offering time to submit evidence operated to extend the time for seeking judicial review. The CFEC had made a legal

determination in 1975 that the estates were ineligible to receive a permit. Only the decedents' date of death was considered in making this determination, not their past participation in their respective fisheries. Therefore, the ability to submit additional evidence is irrelevant to the timeliness of these appeals.

6. Appellate Rule 46, recodified as Appellate Rule 521, provides:

   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the appellate courts where a strict adherence to them will work surprise or injustice.

that it was an order, or that it was the final order of the board, or that Owsichek had only thirty days within which to appeal from the order. Instead, the letter stated, "If you have any questions, please do not hesitate to call us." Owsichek did call the board. He asked what he could or should do at that point. The board did not tell him that the letter was its final order and that he could appeal from it, but only if he did so within the next thirty days.

*Id.* at 622.

*Commercial Fisheries Entry Comm'n v. Apokedak*, 606 P.2d 1255 (Alaska 1980), upheld the superior court's decision to relax the rules. We said there:

Since other cases are pending involving essentially the same issues and in view of the importance of those issues and the fact that the case has been extensively briefed and argued, we have decided to treat the appeal on its merits.

*Id.* at 1258, n.6.

█ In the case at bar, we find it more consistent with the policies of the appellate rules to enforce their time limits against these estates. The delay by the estates in asserting their claims in court was extremely long, and is essentially unexplained. Smith's estate was represented by counsel almost from the time it first applied for a permit, yet it allowed three years to elapse before it renewed its efforts to obtain a permit. While Anderson's estate was not represented by counsel, the long delays in asserting its rights similarly argue against relaxing the rules. Anderson's representative waited two years after the CFEC rejected its application before inquiring further. Even after the estate sought commission review in 1977, another year elapsed before present counsel was retained to pursue the judicial remedy. The estates "may well not be assumed to know the specific thirty-day requirements of Rule 45, but . . . [they] certainly . . . [are] chargeable with knowledge that an appeal must be filed within some specific period of time." *Jerrel*, 567 P.2d at 767 (footnote omitted).

While the CFEC did not tell the estates until 1978 that it was subject to former Appellate Rule 45, neither did the estates call the commission and inquire about their recourse. For this reason, we find *Owsichek* to be inapposite.

We also disagree with the estates' assertion that no prejudice to the CFEC results from their tardiness. We have previously recognized that administrative agencies have a significant interest in "achieving finality of judgment. . . ." *Jerrel*, 567 P.2d at 767. Here, the limited entry act specifically directs the CFEC to reserve permits for applicants who are appealing adverse administrative decisions. AS 16.43.270(c). The failure of these estates to pursue their judicial remedies in a timely manner thus interferes with the statutory scheme of allocating permits to those in lower priority classifications as appeals are decided adversely to the applicants.

We think these factors override any contrary inferences from our decision in *Apokedak* that the superior court in this case abused its discretion by not relaxing the rules. As the statement quoted above shows, the decision to allow relaxation of the rules there was a product of this court's own readiness to decide the questions presented, in view of the existence of other cases on the court's docket presenting the same question. *Apokedak*, 606 P.2d at 1258 n.6. That case also involved a far-reaching challenge to the limited entry act, and the court had previously issued an expedited briefing and argument schedule.

Since we find the present case distinguishable from *Apokedak*, and the superior court here declined to relax the appellate rules, the decision of the superior court is AFFIRMED.