Charles VINCENT, Appellant,

v.

STATE of Alaska, COMMERCIAL FISHERIES ENTRY COMMISSION, Appellee.

No. S–1001.

Supreme Court of Alaska.

April 18, 1986.

Peter R. Ellis, Ellis Law Offices, Inc., Ketchikan, for appellant.

Margot O. Knuth, Asst. Atty. Gen., and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

Charles Vincent appealed to the superior court from an administrative agency's decision. The superior court dismissed the appeal for Vincent's failure to serve notice of such appeal upon the attorney general. Vincent now appeals to this court.

On December 11, 1984 the State of Alaska, Commercial Fisheries Entry Commission ("CFEC"), denied Charles Vincent's application for a Southeast Alaska herring entry permit. On February 8, 1985, Vincent's counsel filed a timely notice of appeal from the CFEC's decision. On February 14, 1985 Vincent mailed the notice of appeal to the CFEC, but failed to serve the attorney general's office. The CFEC received the papers on February 19, 1985, and later forwarded the same to the office of the attorney general.

On February 27, 1985,[1] the attorney general's office entered an appearance and moved to strike the appeal. It claimed that it had not received the notice required by Appellate Rule 514(b). On April 3, 1985 Judge Schulz granted the motion to strike and then dismissed Vincent's appeal. Vincent then appealed to this court.

Appellate Rule 602(b) governs "Notice of Appeal" to the superior court from an administrative adjudication. Rule 602(b)(1)[a] requires an appellant to comply with Rule 204(b). Rule 204(b) requires service of the notice of appeal on "all other *parties* to the action in the trial court." (Emphasis added). Rule 514 describes the manner of service on a party. Under Rule 514(b), where an agency of the state is a party, then service of all legal papers must be made on the attorney general.

Vincent's confusion stems from his misunderstanding of the definition of a "party" and the purposes of Appellate Rule 602(b)(1)[c]. Rule 602(b)(1)[c] directs the

---

1. By all calculations February 27, 1985 was beyond the period for Vincent to give the attorney general's office timely notice of appeal. The attorney general claims that the time for filing and serving the appellate notice expired on February 11, 1985. Vincent contends that it expired on February 21, 1985.

superior court clerk to send notice of the appeal to the state agency. In return, the agency must send the clerk a list of all counsel who appeared in the agency proceedings. Apparently, Vincent believed that Rule 602(b)(1)[c] obviated his need to serve independently the counsel of the parties involved.

■ Under any possible definition of "party," the CFEC should qualify. *See* AS 44.62.640(b)(4)[2] ("party" includes the agency). The entire proceeding below apparently involved only Vincent and the CFEC; thus, the CFEC deserved notice of the appeal. Vincent recognized this by his attempt to serve the CFEC. Rule 514(b), however, still required service upon the attorney general as *counsel* for the CFEC.

Contrary to Vincent's assertion, service upon the attorney general's office is not merely a ceremony which serves no useful purpose. Under Rule 514(a) service on a party generally is made upon the party's attorney, and Rule 514(b) requires service upon the attorney general's office where the state or its agency is a party. Under Rule 514(b) Vincent was not required to send *any* notice to the CFEC.

Nor does Rule 602(b)(1)[c] "impliedly contemplate a different type of service." Rule 602(b)(1)[c] parallels the provisions of Rule 204(i). Rule 204(i) requires the trial court from which an appeal has been taken to send various documents to the appellate court. These documents include a "statement identifying all parties to the appeal and [their] attorneys...." No one contends that Rule 204(i) obviates the need for service by an appellant directly upon parties' counsel. Thus both Rule 204(i) and Rule 602(b)(1)[c] fulfill judicial administrative purposes. These sections allow the court to compile the proper mailing list for any subsequent communications from the court. Accordingly, Rule 602(b)(1)[a] still

required Vincent to serve notice of appeal upon the attorney general's office.

Even though Rule 602(b) required service upon the attorney general's office, the trial court improperly dismissed Vincent's appeal. In his decision, Judge Schulz relied upon a Washington case, *Reeves v. Department of General Administration,* 35 Wash.App. 533, 667 P.2d 1133 (1983). *Reeves* confronted the Washington court with a statute requiring service of notice of appeal upon the agency. Appellant, however, served the Washington Attorney General. The *Reeves* court held that such defective service deprived it of jurisdiction over the appeal. *Id.,* 667 P.2d at 1136. Likewise, Judge Schulz ruled that Vincent's defective service deprived his court of jurisdiction. Judge Schulz stated:

> when [the superior court is] acting as an appellate court it is a court of limited jurisdiction. It has the powers to review agency decisions and act in compliance with the applicable rules and statutes that give it that jurisdiction and set out the procedure, and this appeal was not perfected properly and is not properly before the court....

■ Judge Schulz erroneously ruled that Vincent's failure to serve the attorney general's office deprived his court of jurisdiction. Unlike Washington's procedures, Alaska's rules provide some flexibility. Appellate Rule 521, allowing a relaxation of the rules in the interests of justice, demonstrates that the Alaska Appellate Rules do not create jurisdiction. *Vogt v. Winbauer,* 376 P.2d 1007, 1009–10 (Alaska 1962). Also, Rule 502 allows the appellate court to extend the time for filing any notice. Moreover, this court has repeatedly held that failure to file a timely notice of appeal does not deprive an appellate court of jurisdiction. *See, e.g., Vogt,* 376 P.2d at 1009–10, *cited in Isaacson Structural Steel*

---

**2.** AS 44.62.640(b)(4) states: "'party' includes the agency, the respondent, and a person, other than an officer or an employee of the agency in an official capacity, who has been allowed to appear in the proceeding." This portion of the Administrative Procedures Act, AS 44.62.- 010–.650, applies to appeals from CFEC adjudications. AS 16.43.120; AS 44.62.560–.570; AS 44.62.640(b). Under AS 44.62.560(a), Vincent had to serve notice on the CFEC, as a "party," "in accordance with the applicable rules of court governing appeals in civil matters."

*Co. v. Armco Steel,* 640 P.2d 812, 815–16 n. 8 (Alaska 1982).

Appellate Rule 521 allows the court to exercise its discretion to accept a late or improper filing to prevent "surprise or injustice." Alaska R.App.P. 521. *See Estate of Smith v. State,* 635 P.2d 465, 467–68 (Alaska 1981) (affirming discretionary decision dismissing late filed appeal from CFEC ruling). The parties below did not, however, appeal to the superior court's discretion. Indeed, Judge Schulz's jurisdictionally based ruling suggests that he did not believe he had discretion to exercise. Although all parties agree that a February 27, 1985 service and filing[3] would have been untimely, the attorney general's office acknowledges that the superior court would have abused its discretion by not accepting a new, six to sixteen day late filing upon proof of service on the attorney general's office. We agree.

A dismissal is an extreme sanction. *Sheehan v. University of Alaska,* 700 P.2d 1295, 1298 (Alaska 1985). A showing of prejudice, however, can overcome the strong policy of hearing a case on the merits. *See id.* at 1297. Here, the attorney general's office has demonstrated no such prejudice from a late served notice of appeal as would outweigh our desire to dispose of appeals on their merits.

At this late date, we see no reason to remand for the trial court to exercise its discretion. To avoid the delay and expense of further proceedings on this issue, we exercise our own discretion. Accordingly, under Rule 521, we reverse the superior court and order the appeal reinstated.

Vincent timely filed his appeal, but merely failed to serve the notice on the proper office. At this point we see no reason to require Vincent to refile the entire appeal. The attorney general's office, however, deserves formal notice of the appeal. Thus, we REVERSE and REMAND and instruct the superior court to reinstate the appeal upon Vincent's proof of service of the no-

tice of appeal upon the Attorney General's Office.

---

**3.** On this date, the attorney general's office first appeared and moved to strike. *See supra* note 1 & accompanying text.