NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RAYMOND C. KATCHATAG, | ) | |
| | ) | Supreme Court No. S-17690 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-19-07259 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT[*] |
| OF CORRECTIONS, | ) | |
| | ) | No. 1876 – February 9, 2022 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Raymond C. Katchatag, pro se, Seward, Appellant. Andalyn Pace, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, and Henderson, Justices. [Borghesan, Justice, not participating.]

## I. INTRODUCTION

An inmate found to have committed a disciplinary infraction appealed the finding to the prison's superintendent, who denied the appeal. Ten months later, the inmate appealed to the superior court and filed a motion for acceptance of the late-filed appeal, which the court denied. The inmate appeals to us from the superior court's

---

[*] Entered under Alaska Appellate Rule 214.

decision. Because the inmate failed to provide any explanation for the delay in filing his appeal and failed to identify any injustice resulting from application of the appellate deadlines to his case, we affirm.

## II.     FACTS AND PROCEEDINGS

While incarcerated at Spring Creek Correctional Center, Raymond Katchatag was found, following a hearing, to have committed a disciplinary infraction. Katchatag appealed to the superintendent of the prison, arguing that the disciplinary hearing officer's decision violated his due process rights, as the infraction had not been written up within five working days of the alleged incident. The superintendent denied this appeal on July 25, 2018.

On May 14, 2019, almost ten months later, Katchatag filed an appeal of the superintendent's decision, as well as a motion for acceptance of the late-filed appeal, with the superior court. In his motion for acceptance of late filing, Katchatag argued that the hearing officer's and superintendent's decisions were in violation of Alaska Appellate Rule 521 and his constitutional rights. The superior court denied Katchatag's motion for acceptance of late-filed appeal, specifying that it was "[u]ntimely without good cause."

Katchatag then filed a motion to reconsider and another motion for acceptance of late filing. This second motion for acceptance of late filing stated that Department of Corrections staff had seized Katchatag's property, including legal documents, in June 2019 in retaliation against Katchatag for a separate legal proceeding he brought against the Department. The superior court denied both motions, noting again that the "appeal [was] not accepted because it was untimely and no good cause [had been] demonstrated," and that the property seizure was irrelevant because the appeal

was due in September 2018. Katchatag appeals.[1]

## III. STANDARD OF REVIEW

We review decisions from the superior court granting or denying an extension of time for abuse of discretion.[2] An abuse of discretion occurs if the court renders "a decision that is 'arbitrary, capricious, manifestly unreasonable, or . . . stems from an improper motive.' "[3]

## IV. DISCUSSION

Katchatag's extremely late filing of his appeal and corresponding violation of the applicable Appellate Rule are clear and without contest. Alaska Appellate Rule 602 imposes a 30-day time limit for filing an appeal of an administrative decision.[4] Katchatag filed his administrative appeal with the superior court almost ten months after receiving notice of the administrative decision at issue; his appeal was thus almost nine months late. Further, Katchatag conceded the late nature of his appellate filing in his motion for acceptance of late filing.

In spite of the fact that Katchatag was clearly late in filing his administrative appeal, he did not explain or justify the late filing. Indeed, Katchatag has

---

[1]    While Katchatag also appeals the initial disciplinary proceedings, that issue is not properly before us given the late filing. *See, e.g.*, *Smith's Estate v. State*, 635 P.2d 465, 466-67 (Alaska 1981) (affirming only on the rejection of late filing when merits claim was also presented); *see also Brown v. State*, 563 P.2d 275, 278 (Alaska 1977) (noting that motions to reconsider and motions for relief under Alaska Civil Rule 60(b) do not bring the decision on the merits up for review).

[2]    *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1026 (Alaska 2009).

[3]    *Id.* (alteration in original) (quoting *Dobrova v. State, Dep't of Revenue, Child Support Servs. Div.*, 171 P.3d 152, 156 (Alaska 2007)).

[4]    Alaska R. App. P. 602(a)(2).

offered no reason or explanation at any point, before the superior court or on appeal to this court, for filing his appeal almost nine months late. Katchatag has failed to assert, let alone to demonstrate, good cause for his late filing. The superior court was therefore well within its discretion to deny Katchatag's motions for acceptance of late filing and to reject Katchatag's late-filed appeal.[5]

To the extent Katchatag asserts that the superior court should have relaxed the deadline for appeal pursuant to Rule 521, that assertion fails. Under Rule 521, appellate courts may "relax or dispense with" appellate rules "where a strict adherence to them will work surprise or injustice."[6] When deciding whether to grant a motion to accept a late appeal, the appellate court balances "the right to appellate review, the willfulness and extent of the rules violation, and the possible injustice that might result from dismissal."[7] Where there is "reasonable confusion about the state of the law" and the opposing party suffers no prejudice as the result of the late filing, the court will grant the motion.[8]

Here, each of the factors to be considered in applying Rule 521 weighs against Katchatag. While Katchatag had a right to appeal the Department's administrative decision, he failed to file that appeal within a time period even close to

---

[5]     *See Jerrel v. Kenai Peninsula Borough Sch. Dist.*, 567 P.2d 760, 765-67 (Alaska 1977) (affirming trial court's refusal to relax deadline for filing submitted over a month late).

[6]     Alaska R. App. P. 521.

[7]     *Conitz v. Alaska State Comm'n for Hum. Rts.*, 325 P.3d 501, 506 (Alaska 2014) (quoting *Cook v. Aurora Motors, Inc.*, 503 P.2d 1046, 1049 (Alaska 1972)).

[8]     *Id.* (describing situations when a party "reasonably believed that a motion for reconsideration would terminate his time for appeal" and where there was confusion over whether an order was a final judgment).

that permitted by Rule 602, and he failed to offer any explanation whatsoever for his lateness.[9]  Katchatag's almost nine-month delay, with no assertion of good cause, is unlike the conduct at issue in other cases in which we have overturned courts' rejections of late-filed administrative appeals.[10]

Moreover, Katchatag has never asserted any confusion about either his ability to appeal the Department's administrative decision or the deadline for filing the appeal.  Nor has he pointed to any injustice or surprise resulting from applying the Appellate Rules without relaxation to his case.[11]  Finally, Katchatag's assertion that his appeal involves constitutional claims does not in itself allow him to invoke the relaxation of rules provided by Rule 521.[12]  Under the circumstances, the superior court was again well within its discretion to apply the Appellate Rules without relaxation to Katchatag's late-filed appeal and to deny acceptance of late filing.

## V.    CONCLUSION

Katchatag has failed to assert any good cause justifying the late filing of his administrative appeal, and has similarly failed to demonstrate any injustice that would

---

[9]    AS 33.30.295(a) (detailing right to appeal from disciplinary hearing decision when alleging violation of constitutional rights and specifying that appeal must comply with "the applicable rules of court governing administrative appeals"); Alaska R. App. P. 602(a)(2).

[10]    *See, e.g.*, *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1027 (Alaska 2009) (noting that appellant missed deadline by six days).

[11]    *See State, Dep't of Highways v. Burgess Constr. Co.*, 575 P.2d 792, 796 (Alaska 1978) ("It is generally held to be incumbent upon the party seeking relaxation of the rules to make a sufficient showing that enforcement of the rule will result in surprise and injustice to that party.").

[12]    *See Licht v. Irwin*, 292 P.3d 915, 922-23 (Alaska 2013) (rejecting argument to apply Rule 521 in case with constitutional implications).

result from the enforcement of the Appellate Rules in his case.  The superior court's orders denying Katchatag's motions for acceptance of late filing of his appeal are therefore AFFIRMED.